■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FALCIS, Also Known as JOHN SIEBERT, Appellant. [649 NYS2d 474] —Appeal by the defendant, as limited by his brief, from two sentences of the Supreme Court, Queens County (Rotker, J.), both imposed May 27, 1994, as amended July 20, 1994, upon his convictions of criminal sale of a controlled substance in the third degree under Indictment No. N13746/91 and attempted burglary in the second degree under Indictment No. 3514/93, upon his pleas of guilty, the sentences being concurrent indeterminate terms of imprisonment of 10 to 20 years and $2^1/2$ to 5 years, respectively.

Ordered that the sentences, as amended, are affirmed.

The defendant's claim that the sentences imposed are illegal was not subject to waiver by him as part of his plea agreements (see, People v Callahan, 80 NY2d 273; People v Seaberg, 74 NY2d 1, 9).

Review of the minutes of the plea proceedings indicates that the court intended to reduce the count of criminal sale of a controlled substance in the third degree to a class "D" felony on the date originally scheduled for sentencing. The defendant however failed to appear at that time and that count was in fact never reduced. Accordingly, there is no merit to the defendant's claim that the enhanced sentence of 10 to 20 years which was eventually imposed with regard to his conviction of criminal sale of a controlled substance in the third degree was unlawful.

Nor did the imposition of the enhanced sentence constitute a violation of the defendant's due process rights. Indeed, the court expressly advised the defendant that the promised sentence of concurrent terms of $2^1/2$ to 5 years was conditioned, inter alia, on his appearing at sentencing and that if he did not appear, the court would sentence him to a term of 10 to 20 years on his conviction of criminal sale of a controlled substance in the third degree (see, People v Gamble, 111 AD2d 869).

The defendant's claim that the sentences imposed are excessive was effectively waived by him as part of his plea agreement (see, People v Callahan, supra; People v Seaberg, supra). Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.