■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO THOMAS, Appellant. [655 NYS2d 107] —Carpinello, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered June 24, 1996, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

While an inmate at Franklin Correctional Facility in Franklin County, defendant was found to be in possession of a nine-inch metal rod. He subsequently pleaded guilty to the crime of attempted promoting prison contraband in the first degree and was sentenced as a second felony offender to a prison term of $1^1/_2$ to 3 years to run consecutive to the sentence he was then serving. On appeal, defendant contends, *inter alia*, that the sentence is illegal insofar as it violates his constitutional rights against double jeopardy and that the sentence is harsh and excessive.

Although defendant waived his right to appeal as part of the plea bargain, such waiver does not preclude him from challenging the legality of the sentence on appeal (*see, e.g., People v Laureano*, 87 NY2d 640; *People v Falcis*, 233 AD2d 340). Nevertheless, we do not find that the sentence is illegal under the circumstances presented. We have previously held that the Double Jeopardy Clause does not preclude a defendant from being sentenced in a criminal prosecution for conduct which was the subject of a prior prison disciplinary hearing (*see, People v Trouche*, 224 AD2d 836, *lv denied* 88 NY2d 970; *People v Middleton*, 221 AD2d 776, *lv denied* 88 NY2d 968). Thus, the sentence imposed upon defendant by County Court is not rendered illegal by the fact that he was penalized in a prior prison disciplinary proceeding for possessing a metal rod. Moreover, given the nature of the crime and defendant's extensive criminal background, we find that the sentence imposed is neither harsh nor excessive (*see, People v McGarry*, 219 AD2d 744, *lv denied* 87 NY2d 848). We have considered defendant's remaining claim and find it to be unavailing.

White, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.