· ■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN A. RIVERA, Appellant. [657 NYS2d 517] —Cardona, P. J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered October 30, 1995, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.

On February 12, 1995, defendant, an inmate at Elmira Cor-

rectional Facility in Chemung County, was found in possession of prison contraband consisting of the top of a tin can which was folded and outfitted with a cloth wrap as a handle. He was subsequently indicted and charged with promoting prison contraband in the first degree. Defendant pleaded guilty to promoting prison contraband in the first degree and was sentenced to a prison term of 2 to 4 years to run consecutive to the prison sentence he was then serving. Defendant now appeals, arguing that because he had been punished for the incident pursuant to an internal prison disciplinary proceeding, the criminal prosecution and conviction violated his constitutional protection against double jeopardy and, for that reason, the indictment must be dismissed and the sentence vacated.

It is now well settled that neither State nor Federal constitutional double jeopardy protection bar a defendant from being sentenced in a criminal prosecution for conduct which had previously been the subject of prison disciplinary sanctions (*see, Matter of Cordero v Lalor*, 89 NY2d 521; *People v Thomas*, 236 AD2d 764). Insofar as defendant does not claim that his sentence was harsh or extreme, a claim which may, in some circumstances, invoke double jeopardy protections (*see, Matter of Cordero v Lalor, supra*, at 533), we accordingly affirm.

White, Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.