■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS REYES, Appellant. [658 NYS2d 722] —White, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered July 10, 1995, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

On February 20, 1995, while an inmate at Southport Correctional Facility in Chemung County, defendant was found in possession of a razor blade. Indicted and charged with promoting prison contraband in the first degree, defendant subsequently pleaded guilty to a reduced charge of attempted promoting prison contraband in the first degree and was sentenced to a prison term of 1 1/2 to 3 years to run consecutive to the prison sentence he was then serving. On this appeal, defendant argues that because he had been punished in an internal prison disciplinary proceeding for the same incident, the criminal prosecution and conviction violated his constitutional protection against double jeopardy. He also contends that the sentence was harsh and excessive.

We find defendant's arguments to be without merit. It is well settled that the double jeopardy protection afforded by the State and Federal Constitutions do not bar a defendant from being sentenced in a criminal prosecution for conduct which had previously been the subject of prison disciplinary sanctions (see, Matter of Cordero v Lalor, 89 NY2d 521, 532-533; People v Thomas, 236 AD2d 764). Moreover, considering the nature of the crime and defendant's criminal history, we do not find that the sentence imposed was either harsh or excessive (see, People v Thomas, supra; People v Middleton, 221 AD2d 776, lv denied 88 NY2d 968).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.