■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESTLEY WALNUT, Appellant. [679 NYS2d 159] —Appeal from a

judgment of the County Court of Chemung County (Castellino, J.), rendered December 22, 1995, upon a verdict convicting defendant of the crimes of promoting prison contraband in the first degree and assault in the second degree.

While an inmate at Elmira Correctional Facility in Chemung County, defendant was indicted for promoting prison contraband in the first degree and assault in the second degree. Following a jury trial, defendant was convicted of both counts and sentenced, in absentia, as a second felony offender to concurrent prison terms of 3½ to 7 years on each charge, to run consecutive to the sentence he was then serving. We reject defendant's contention that the criminal prosecution and conviction violated his constitutional protection against double jeopardy because he had already been punished in a prison disciplinary proceeding for the same incidents. It is well settled that State and Federal constitutional double jeopardy provisions do not protect a defendant from being sentenced in a criminal prosecution for conduct which had previously been the subject of prison disciplinary sanctions (*see, People v Vasquez*, 89 NY2d 521, 532-533, *cert denied sub nom. Cordero v Lalor*, 522 US 846; *People v Reyes*, 240 AD2d 860). Furthermore, we do not find the sentences to be so disproportionate to the crimes committed as to constitute cruel and unusual treatment.

Mercure, J. P., Crew III, White, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed.