■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIME RAMIRES, Appellant. [696 NYS2d 536] —Carpinello, J. Appeal from a judgment of the County Court of Montgomery County (Sise, J.), rendered September 18, 1998, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the first degree.

Pursuant to a plea agreement which included a waiver of the right to appeal, defendant entered a plea of guilty to a one-count indictment charging him with criminal possession of a controlled substance in the first degree. When defendant appeared for sentencing, County Court noted that the presentence report contained a statement attributed to defendant in

which he asserted his innocence and claimed that he entered his plea in order to avoid a sentence of 25 years to life. The court adjourned the matter to permit defendant to consult with his attorney and, thereafter, defendant confirmed that the statements he made at the time of the plea, in which he admitted his guilt of the charged crime, were true and accurate. The court then imposed the agreed-upon indeterminate sentence of 15 years to life in prison. Defendant appeals.

Defendant contends that his waiver of the right to appeal was invalid, that the statutory scheme pursuant to which he was sentenced is unconstitutional and that his plea was not voluntary. Inasmuch as "a defendant always retains the right to challenge the legality of the sentence or the voluntariness of the plea" (*People v Seaberg*, 74 NY2d 1, 10), the validity of defendant's waiver of the right to appeal is irrelevant to this appeal (*see, People v Falcis*, 233 AD2d 340, *lv denied* 89 NY2d 1011; *People v Conyers*, 227 AD2d 793, *lv denied* 88 NY2d 982). With regard to defendant's challenge to the legality of his sentence, the facts and circumstances of this case do not warrant the conclusion that defendant's sentence violated the constitutional proscriptions of cruel and unusual punishment (*see, People v Thompson*, 83 NY2d 477). We note that defendant is a previously deported alien with a lengthy criminal history which includes drug-related crimes, and he admitted possessing two pounds of cocaine at the time of his arrest for the instant offense.

There is also no merit to defendant's challenge to the voluntariness of his plea. During the plea proceeding, County Court advised defendant of his rights and the consequences of a guilty plea and conducted a thorough colloquy to determine that defendant, who was represented by counsel, was entering a knowing and voluntary plea and had, in fact, committed the crime charged in the indictment. Based upon defendant's claim of innocence during an interview for the presentence report, the court adjourned the sentencing to provide defendant with an opportunity to confer with counsel to determine whether he wanted to withdraw the plea. When defendant appeared on the adjourned date, defense counsel advised the court that he had been given sufficient opportunity to consult with his client and that defendant wanted to proceed with sentencing based upon the plea. In response to the court's inquiry, defendant assured the court that the statement in the presentence report was not accurate and that the statements he made at the time of the plea were true and accurate. Based upon County Court's appropriate response to the limited area of uncertainty created

by the presentence report, and considering the ample evidence that defendant's plea was knowingly, intelligently and voluntarily entered, the judgment must be affirmed (*see, People v Lopez*, 71 NY2d 662, 667-668; *People v Murphy*, 243 AD2d 954, *lv denied* 91 NY2d 835).

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.