■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY J. DENUE, Appellant. [713 NYS2d 783] —Graffeo, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered June 21, 1999, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.

Defendant pleaded guilty to grand larceny in the third degree in satisfaction of a superior court information and certain uncharged crimes, waiving his right to appeal all issues except those relating to sentencing. As part of the plea agreement, the People recommended that defendant be sentenced as a second felony offender to a prison term of not more than 2 to 4 years, to run consecutive to any undischarged term of imprisonment. At the sentencing hearing, however, defense counsel requested that defendant be sentenced to parole supervision with a mandatory drug treatment program pursuant to CPL 410.91 in lieu of incarceration. County Court denied the request and elected to leave defendant's participation in the drug treatment program to the discretion of the Department of Cor-

rectional Services (hereinafter DOCS). Sentenced as a second felony offender to a prison term of 2½ to 5 years, defendant now appeals.

Arguing that County Court improperly delegated authority to impose sentence to DOCS, defendant contends that the sentence imposed was improper and should be modified to a sentence of parole supervision pursuant to CPL 410.91. Initially, whether defendant challenges the sentence imposed as illegal or as unduly severe, we note that defendant's specific waiver of his right to appeal does not preclude appellate review in either instance (*see, People v Ramires*, 264 AD2d 948, 949, *lv denied* 94 NY2d 906; *People v Depta*, 257 AD2d 916, *lv denied* 93 NY2d 923). Addressing the merits, contrary to defendant's contention, County Court declined to impose a sentence of parole supervision pursuant to CPL 410.91 and its comment regarding defendant's possible participation in the drug treatment program while incarcerated was not tantamount to an impermissible delegation of sentencing authority. The record reflects the court's refusal to direct DOCS to enroll defendant in the Willard drug treatment program was due, in part, to defendant's prior participation in shock incarceration and the Willard program. In any event, we are not persuaded that defendant is statutorily eligible for parole supervision given the lack of sufficient evidence that he suffers from a history of controlled substance dependence that contributed to his current criminal conduct in any significant respect (*see*, CPL 410.91 [3]; *see generally, People v Black*, 253 AD2d 984, *lv denied* 92 NY2d 980) or that he was not subject to an undischarged term of imprisonment (*see*, CPL 410.91 [2]).

In view of defendant's failure to establish that his sentence was illegal or that extraordinary circumstances warrant a reduction thereof in the interest of justice, we decline to disturb the sentence imposed (*see generally, People v Smalley*, 268 AD2d 609, *lv denied* 94 NY2d 953; *People v Schweppe*, 250 AD2d 881, *lv denied* 92 NY2d 905).

Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.