■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY CAMACHO, Appellant. [730 NYS2d 372] —Peters, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered March 19, 1999, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant was an inmate at Washington Correctional Facility in Washington County when he set off a metal detector which led correction officers to find a folded metal can top in his pants pocket. He was subsequently indicted on a charge of promoting prison contraband in the first degree. Following a jury trial, defendant was found guilty as charged and was sentenced as a second felony offender to a prison term of 3½ to 7 years, to run consecutively to the prison term he was already serving.

On this appeal, defendant contends that County Court abused its discretion insofar as its *Sandoval* ruling permitted the prosecution to cross-examine him regarding three of the eight prison disciplinary determinations rendered against him

in 1998, pursuant to which defendant had been found guilty of violating the prison disciplinary rules that prohibit arson and creating a disturbance. The prosecution abided by County Court's admonition that the acts underlying the determinations not be mentioned; nonetheless, defendant contends that the prosecution's references to these prior determinations prejudiced his case in that the charges arose out of prison disciplinary infractions as did the crime for which he was on trial.

We disagree. The similarity of prior bad acts does not necessarily preclude their admission at trial (*see, People v Pavao*, 59 NY2d 282, 292; *People v Bell*, 249 AD2d 777, *lv denied* 92 NY2d 922; *People v Cuddy*, 210 AD2d 730, 731, *lv denied* 88 NY2d 846). This is especially so in cases such as this matter, where County Court appropriately moderated whatever prejudice might be engendered by their similarity to the crime charged by limiting questioning to the fact that the prior convictions existed, while restricting the prosecution from inquiring into the circumstances underlying them (*see, People v Downey*, 256 AD2d 810, *lv denied* 93 NY2d 969; *People v Johnson*, 213 AD2d 791, *lv denied* 85 NY2d 975).

Nor are we persuaded by defendant's contention that his sentence of 3½ to 7 years should be modified. The sentence was justified by both the nature of defendant's crime and his extensive criminal history (*see, People v Walnut*, 253 AD2d 910, 911; *People v Reyes*, 222 AD2d 904, *lv denied* 87 NY2d 976).

Cardona, P. J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.