■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ANDERSON, Appellant. [748 NYS2d 878] —Cardona, P.J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered August 2, 2000, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

On September 21, 1999, defendant was an inmate at the Washington Correctional Facility in Washington County when correction officers found a razor blade-type weapon in the left front pocket of his pants during a strip frisk. Defendant was indicted on a charge of promoting prison contraband in the first degree. Following a jury trial, he was convicted as charged and sentenced, as a second felony offender, to 3 to 6 years to be served consecutively to the prison term he was already serving.

On this appeal, defendant argues that County Court erred in its pretrial *Sandoval* ruling regarding the issue of defendant's significant list of prison rule violations by permitting the prosecutor to ask defendant: "And isn't it also true that you have had a number of findings of rule violations while you have been in prison?" The court stated that it would not allow the prosecutor to inquire into the specifics of the violations unless something occurred at trial which called for a modification of the ruling or defendant "opened the door." We find no error in the ruling which we conclude to be a reasoned compromise mitigating any potential prejudice to defendant (*see People v Camacho*, 286 AD2d 800, *lv denied* 97 NY2d 655).

Defendant further objects to a modification of County Court's *Sandoval* ruling which occurred during the trial following an exchange of questions to defendant on redirect and recross-examination concerning the nature of administrative disciplinary proceedings in prison. The exchange ultimately led to a question by the prosecutor regarding defendant's prison rule violation for giving false information, which prompted an objection by defense counsel. County Court resolved the issue by limiting the People's inquiry to whether a determination had been rendered against defendant for providing false information without permitting an inquiry into the underlying circumstances. Under the circumstances, we do not find this limited inquiry to be unduly prejudicial (*see id.*). In any event, even if we agreed with defendant on this issue, given the overwhelming proof of defendant's guilt adduced at trial, we would find any error to be harmless (*see People v Rodriguez*, 111 AD2d 524, 525).

Finally, we are unpersuaded that the sentence imposed was harsh and excessive. Contrary to defendant's argument, he was not sentenced to the maximum possible term. Defendant was convicted of promoting prison contraband in the first degree, a class D felony (*see* Penal Law § 205.25), which carries a maximum prison term of 3½ to 7 years for a second felony offender (*see* Penal Law § 70.06 [3] [d]; [4] [b]). Furthermore, given defendant's criminal record and the nature of this crime,

we find no reason to disturb the sentence imposed (*see People v Youmans*, 292 AD2d 647, 649; *People v Camacho, supra* at 801).

Mercure, Peters, Carpinello and Kane, JJ., concur. Ordered that judgment is affirmed.