■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

EUGENE BOONE, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered July 27, 1990, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

Defendant was charged with criminal possession of a weapon in the third degree as the result of a late-night incident outside a bar in the City of Hudson, Columbia County. Defendant was observed brandishing a revolver and thereafter secreting it under a vehicle. He was convicted as charged after trial and sentenced to a prison term of 1⅓ to 5 years.

On this appeal, defendant contends that the evidence before the Grand Jury was legally insufficient and that he was denied a speedy trial, and that the denial of his motions relating to dismissal of the indictment was therefore improper. However, during oral argument defense counsel candidly conceded that the denial of the former motion may not be reviewed in the face of a conviction based upon legally sufficient trial evidence (see, CPL 210.30 [6]) and the latter motion, having been made after the commencement of the trial, was untimely (see, CPL 210.20 [1] [g]; [2]) and thus properly denied.

Defendant next contends that an out-of-courtroom demonstration of a live firing of the weapon with ammunition which was in the revolver when seized was improper, prejudicial and procedurally irregular. We disagree. Demonstrations and tests when relevant to a contested issue can play a positive and helpful role in the ascertainment of the truth and should not be lightly rejected. It is for the trial court, in the exercise of its sound discretion, based upon the nature of proof and the context in which it is offered, to determine whether the value of the evidence outweighs its potential for prejudice (People v Acevedo, 40 NY2d 701, 704). Here a well-supervised and orderly test firing by a police weapons instructor at a firing range in the presence of the jury was a nonprejudicial showing of the live nature of the ammunition, a necessary element of the charged crime. The jury was properly instructed as to the limited purpose of the test.

The fact that the demonstration was held outside the courtroom was merely an element for County Court to consider in permitting the demonstration and did not of itself render the test inappropriate (see, People v Estrada, 109 AD2d 977). The record reveals no improvident exercise of the court's discre-

tion or inherent prejudice to defendant. Nor does the record reveal that defendant's unrestrained presence in the front passenger seat of a Sheriff's jeep, in the general proximity of a Deputy Sheriff, even if observed by the jury, was in any manner prejudicial. Finally, the record does not suggest that any juror was outside the presence of a court officer from the time they left the courtroom to view the demonstration until their return.

Casey, J. P., Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the judgment is affirmed.