■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL SIMMONS, Appellant. [675 NYS2d 467] —Cardona, P. J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered July 19, 1996, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

On April 13, 1995, defendant was charged in a four-count indictment with various drug-related crimes. At his arraignment on May 1, 1995, defendant entered a plea of not guilty and the People announced their readiness to proceed to trial. Subsequently, at a conference before County Court on May 19, 1995, the matter was adjourned until June 15, 1995 to allow defendant time to consider a plea offer. Following defendant's rejection of the plea offer, the matter was adjourned again until late July 1995 to give defense counsel time to make certain pretrial motions. On August 10, 1995, County Court referred the matter to a Judicial Hearing Officer (hereinafter JHO) to conduct all pretrial hearings.

Following various adjournments, the hearings were conducted on December 12, 1995. The JHO subsequently rendered a recommendation which was adopted by County Court in April

1996. Although trial was scheduled for April 24, 1996, it was adjourned at defense counsel's request until June 3, 1996. Before the matter proceeded, however, defense counsel made a motion to dismiss the indictment on the ground that defendant had been denied his right to a speedy trial. County Court denied the motion and rendered a judgment convicting defendant of criminal possession of a controlled substance in the third degree upon defendant's subsequent plea of guilty. In July 1996, defendant was sentenced as a second felony offender to 4½ to 9 years in prison. He now appeals his conviction.

Defendant contends that the more than one-year delay between his indictment and sentencing deprived him of his statutory and constitutional right to a speedy trial. Based upon the circumstances attending the delays in this case, we find defendant's claims unavailing. Notably, all of the delay occurred after the People announced their readiness to proceed to trial. "Postreadiness delay may be chargeable to the People [only] where the causes of the delay directly implicate the People's ability to proceed with trial" (*People v Beckett*, 215 AD2d 930, 932; *see, People v Cortes*, 80 NY2d 201, 210; *People v Dushain*, 239 AD2d 151, 153). Significantly, where the delay is attributable to adjournments requested by the defense (*see, People v Dushain, supra*, at 153), or occasioned by the necessity of pretrial proceedings (*see, People v Reyes*, 240 AD2d 165, 166, *lv denied* 90 NY2d 942) or the demands of the court calendar (*see, People v Giordano*, 56 NY2d 524, 525; *People v Washington*, 238 AD2d 263, *lv denied* 90 NY2d 944), the delay is not chargeable to the People.

In this case, the initial delay between the People's announcement of readiness and County Court's assignment of the JHO was due to adjournments requested to allow defendant to consider a plea offer and his counsel to file pretrial motions. The delay between the assignment of the JHO and County Court's adoption of the JHO's recommendation was a result of pretrial hearings. The adjournment of the April 1996 trial date was done at defense counsel's request. Absent proof in the record that the People were responsible for any significant amount of postreadiness delay in this case, we conclude that defendant was not deprived of his statutory right to a speedy trial. We further find no merit to defendant's claim that his constitutional right to a speedy trial was violated. Therefore, we decline to disturb the judgment of conviction.

White, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.