(January 21, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM F. NICHOLS, Appellant. [684 NYS2d 662] —Yesawich Jr., J. Appeal from a judgment of the County Court of Montgomery County (Sise, J.), rendered June 13, 1997, upon a verdict convicting defendant of the crimes of rape in the second degree (four counts), rape in the third degree (seven counts) and sexual abuse in the third degree.

Defendant was the subject of a 13-count indictment stemming from the sexual abuse of his stepdaughter. Prior to trial, a *Sandoval* hearing was held at which defendant contested the admissibility of numerous prior bad acts and criminal convictions summarized in a Division of Criminal Justice Service

report. Contained in that report, but not challenged by defendant at the *Sandoval* hearing, was his conviction in 1977 for Federal mail fraud.

After a trial, defendant was convicted of four counts of rape in the second degree, seven counts of rape in the third degree and sexual abuse in the third degree. Sentenced as a second felony offender, defendant received two prison terms of $3^1/_2$ to 7 years, two prison terms of $2^1/_3$ to 7 years, seven prison terms of $1^1/_3$ to 4 years and one term of 90 days, with each of these terms to run consecutively. This appeal followed.

We reject defendant's argument that it was improper for County Court to permit cross-examination of defendant on his conviction for Federal mail fraud when that crime had not been considered by the court during its pretrial *Sandoval* hearing; it was defendant's burden, not the prosecutor's, to seek an advance ruling from the court with respect to this previous conviction (*see, People v Matthews*, 68 NY2d 118, 123; *People v Alhadi*, 151 AD2d 873, 874, *lv denied* 74 NY2d 804). Also unavailing is defendant's contention that cross-examination on this conviction was inappropriate because defendant believed that he had been adjudicated a youthful offender. Given defendant's age at the time of his conviction—he was 20 years old—his prison sentence of six years and his failure to provide proof aside from his own testimony to support his claim, we are not inclined to say that the People lacked a good-faith basis to question defendant as to this conviction (*see, People v Gray*, 84 NY2d 709, 713). Beyond that, if any error occurred by reason of permitting the People to use this conviction at trial, it was harmless, for on this record it is not probable that defendant would have been acquitted in the absence of such an error. Not insignificantly, defendant's other felony convictions, including assault in the second degree and grand larceny, allow for the impugning of defendant's credibility.

Defendant further asserts that he was deprived of a fair trial because the prosecutor made several improper remarks during summation. Since defendant did not object to these comments, this argument has not been preserved for review (*see,* CPL 470.05 [2]; *People v Randolph*, 240 AD2d 856, 857, *lv denied* 91 NY2d 878; *see also, People v Artis*, 232 AD2d 729, 730, *lv denied* 89 NY2d 939, 1088). In any event, the prosecutor's observations constituted fair comment (*see, People v Castle*, 251 AD2d 890, 891, *lv denied* 92 NY2d 923; *see also, People v Parker*, 220 AD2d 815, 816, *lv denied* 87 NY2d 1023).

Nor was defendant's sentence harsh or excessive. Charging that County Court abused its discretion by sentencing him to

consecutive terms of imprisonment, defendant relies upon Penal Law § 70.25 which was amended to provide concurrent terms of imprisonment for a person convicted of sexual conduct against a child in the first or second degree and any other crime under Penal Law article 130 against the same child (*see,* Penal Law § 70.25 [2-e]). Inasmuch as Penal Law § 70.25 (2-e) applies only to offenses committed after August 1, 1996 (L 1996, ch 122, § 7) and defendant's crimes occurred before that time, defendant's sentence is not inapt. Moreover, his considerable criminal record militates against leniency.

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.