■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WAXTER, Appellant. [702 NYS2d 434] —Mercure, J. Appeal from a judgment of the County Court of Clinton County (Jung, J.), rendered October 2, 1995, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree.

Defendant's convictions arise out of separate sales of cocaine he made to a police informant on March 16, 1995 and March 23, 1995. On each occasion, Detective James Leonard furnished the informant with the "buy money", followed the informant's movements from a nearby vehicle and retrieved the drug from the informant at the conclusion of the transaction. Leonard also monitored and recorded the transactions by means of an audio transmitter that had been placed on the informant's body and a receiver and tape-recording equipment that he had with him in his vehicle.

We first reject the contention that County Court erred in admitting the audiotape of the March 16, 1995 transaction, which took place in the informant's car. The People called Elbert Myers and Terrence Hudson, both of whom were shown to have been present at the time of that sale, as witnesses. Contrary to the People's expectations, Myers testified that defendant was not present in the car at the time of the transaction and Hudson went so far as to deny that he, himself, was present in the car on that date. The District Attorney thereafter advised County Court and defendant of her intention to offer the March 16, 1995 audiotape and established a foundation for admission thereof through testimony of Leonard. Over defendant's objection to the admission of the tape on chain-of-custody grounds and as improper bolstering, County Court received the evidence, acceding to defendant's request, however, that the playback of the tape conclude at the point where defendant exited the vehicle following the transaction.

Defendant now contends that admission of the audiotape constituted improper impeachment of Myers and Hudson (*see*, CPL 60.35) and that the audiotape should have been excluded because it was largely inaudible. We first note that defendant did not assert these grounds at trial, at a time when their merit could have been assessed and appropriate action taken; they are therefore unpreserved for our review (*see*, CPL 470.05 [2]). Were we to consider the contentions in the interest of justice, we would find them to be lacking in merit in any event.

The patent flaw in defendant's first contention is that the proffered audiotape did not constitute a prior inconsistent statement of Myers or Hudson and, although presumably contradictory of their trial testimony,* was not offered for impeachment purposes. To the contrary, like the testimony of Leonard and the informant, the audiotape was offered as evidence-in-chief to establish the events that took place in the informant's car during the course of the March 16, 1995 transaction. It is well settled that tape recordings of relevant events are admissible, provided that a proper foundation has been established (*see*, *People v Ely*, 68 NY2d 520; Barker and Alexander, Evidence in New York State & Federal Courts § 1104.2 [c]). As for the contention concerning the audibility of the audiotape, we need merely note that by failing to include the audiotape in the record on appeal, defendant has deprived us of any opportunity to assess the merit of his claim (*see*, *People v Jackson*, 200 AD2d 856, 858, *lv denied* 83 NY2d 868, 872).

Next, in view of the fact that the quantity of the drug is not an element of the crime of criminal sale of a controlled substance in the third degree in violation of Penal Law § 220.39 (1) and in the absence of any competent showing of prejudice to defendant, we are not persuaded that County Court erred in permitting the People to amend the factual portion of counts one and three of the indictment by deleting any reference to the weight of the drug sold (*see*, CPL 200.70 [1]). Obviously, the amendment did not alter any element of the crime charged (*see*, *People v Spratley*, 144 AD2d 769, 771, *lv denied* 73 NY2d 896), increase the degree of the offense (*compare*, *People v Perez*, 83 NY2d 269, 274) or change the theory of the prosecution (*see*, *People v Grasso*, 237 AD2d 741, 742, *lv denied* 89 NY2d 1035).

Defendant's remaining contentions, including his claim of ineffective assistance of counsel and challenge to the severity of the sentence imposed, have been considered and found to be lacking in merit.

---

* Defendant did not include the audiotape in the record on appeal.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.