(July 6, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WALKER, SR., Appellant. [711 NYS2d 535] —Mugglin, J. Appeal from a judgment of the County Court of Ulster County (Czajka, J.), rendered February 28, 1997, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal solicitation in the fourth degree (three counts).

Defendant was indicted for murder in the second degree after his wife, Trudi Eschenbecker,* was found drowned in the Hudson River on May 15, 1996. Defendant was also charged with four counts of criminal solicitation in the fourth degree pertaining to requests that he had made of people to assault Eschenbecker by throwing battery acid in her face, break the legs of a former boyfriend of hers and to burn down a house defendant owned. The record reflects that the relationship between Eschenbecker and defendant had deteriorated as she had joined a dating service and gone on vacation to Florida with another man shortly before her death. The key prosecution witness was David Gorsline, a nephew of defendant. Gorsline was given transactional immunity and was ruled to be an accomplice to the murder. He was aware of the difficulties that existed between defendant and Eschenbecker and was an eyewitness to her murder and to two of the solicitation charges. The jury convicted defendant of murder in the second degree and three of the four criminal solicitation charges. County Court thereafter sentenced defendant to a prison term of 25 years to life for the murder conviction and three one-year terms for the three criminal solicitation in the fourth degree convictions, all sentences to be served consecutively to each other. Defendant now appeals.

Principal among the many arguments advanced by defen-

* Although defendant and Eschenbecker had evidently been married, it is unclear whether the marriage was legally recognized.

dant for reversal of these convictions and a new trial is that County Court erred in three specific areas while charging the jury. If proper objection was not made by defense counsel rendering these errors unpreserved for appellate review, defendant contends that reversal is required because of the ineffective assistance of trial counsel.

Defendant argues that County Court erred by charging that reasonable doubt is a doubt for which some reason can be given, that further error occurred by County Court's failure to give an interested witness charge, and that the court erred by failing to charge the jury regarding circumstantial evidence. Defendant made no objection to the reasonable doubt charge as given and did not request an interested witness charge, thereby rendering these assigned errors unpreserved for judicial review (*see, People v McKenzie*, 67 NY2d 695, 697; *People v Gamez*, 241 AD2d 693, *lv denied* 91 NY2d 892; *People v Montroy*, 225 AD2d 913). Nor do we find any reason to reverse on these grounds in the interest of justice, since we conclude that County Court's charge with respect to reasonable doubt, considering the charge as a whole, did not suggest that the jurors were obligated to express a reason for any reasonable doubt (*see, People v Antommarchi*, 80 NY2d 247, 251-252; *People v Martin*, 206 AD2d 591, 592), and the appropriate standard of proof was conveyed to the jury (*see, People v Matthews*, 221 AD2d 802, *lv denied* 88 NY2d 850; *People v Gutkaiss*, 206 AD2d 628, 631-632, *lv denied* 84 NY2d 936). In fact, the court specifically instructed the jury that "there is no obligation on the part of a juror to articulate the basis of his or her doubt." Likewise, County Court's general instructions to the jury concerning how it was to judge the credibility of witnesses, coupled with the charge concerning accomplice testimony that was given with respect to Gorsline's testimony, required the jury to consider his testimony in a more painstaking manner and required a greater degree of juror satisfaction with the testimony than would the lesser standards affecting credibility found in the interested witness charge. Thus, we find no merit to this argument.

County Court's refusal to charge circumstantial evidence, since it was requested by defendant, is preserved for our review (*see, People v Leisner*, 73 NY2d 140, 147; *People v Le Mieux*, 51 NY2d 981, 982). However, this argument is equally unpersuasive since where, as here, the People's proof consists of both circumstantial and direct evidence, the court is not required to give a circumstantial evidence charge (*see, People v Daddona*, 81 NY2d 990, 992).

Having found that these alleged errors, whether preserved for appellate review or not, do not constitute grounds for reversal, it follows that defendant's claim of ineffective assistance of counsel is equally unavailing. Moreover, our review of the record reveals that defendant received meaningful representation throughout the course of this prosecution (*see, People v Baldi*, 54 NY2d 137).

The balance of defendant's arguments merit little discussion. On this record, we find that County Court reached an appropriate *Sandoval* compromise; that no reversible error occurred because of a question asked by the prosecutor since a prompt objection was sustained without an answer having been given; that County Court properly denied defendant's motion at the close of the People's case to dismiss since the record contained "competent evidence which, if accepted as true, would establish every element of an offense charged and a defendant's commission thereof" (CPL 70.10 [1]; *see, People v Miller*, 210 AD2d 724, *affd* 91 NY2d 372); and that defendant was not deprived of a fair trial by the prosecutor's limited inquiry on cross-examination concerning a telephone call to his attorney upon allegedly learning of his wife's death. Nor did County Court err by refusing to allow defendant to call a private investigator to introduce testimony concerning an experiment that he had conducted (to test the credibility of Gorsline) by driving his automobile along the route that Gorsline stated he took on the night of Eschenbecker's death and recording the elapsed time. Given the uncertainty of the similarity of the conditions, and the fact that the test was based upon the investigator's estimations of Gorsline's estimations, County Court did not abuse its discretion in precluding this testimonial evidence as more confusing than relevant (*see, People v Acevedo*, 40 NY2d 701, 704; *People v Boone*, 176 AD2d 1085, *lv denied* 79 NY2d 853; *People v Estrada*, 109 AD2d 977, 978-979).

Lastly, we are convinced that the sentence imposed should remain undisturbed. Defendant's contention that the criminal solicitations and murder were all part of a single occurrence is thoroughly unpersuasive. Penal Law § 70.25 (2) requires concurrent sentences to be imposed "when two or more offenses are committed through a single act or through an act which itself constituted one of the offenses and also was a material element of the other" (*People v Sturkey*, 77 NY2d 979, 980; *see, People v Campos*, 206 AD2d 633, 634). Here, however, none of the elements underlying defendant's convictions for criminal solicitation in the fourth degree constituted an element of defendant's conviction for murder in the second degree, and

they were not committed, through a single act or transaction. Moreover, given the particularly heinous nature of the crimes committed, and in view of the defendant's criminal record, we do not find the sentences to be harsh or excessive.

Crew III, J. P., Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.