THIRD DEPARTMENT, APRIL, 2003

(April 3, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY PORTER, Appellant. [759 NYS2d 773] —Cardona, P.J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered September 27, 2000, upon a verdict convicting defendant of two counts of the crime of assault in the second degree.

While incarcerated, defendant was indicted on two counts of assault in the second degree (Penal Law § 120.05 [3], [7]) stemming from an incident wherein he allegedly kicked a correction officer in the groin. At the time, the officer was attempting to remove defendant from his cell for the purpose of escorting him to the shower. Prior to the incident, defendant voluntarily submitted to the placement of hand restraints through the "feed up port" and was ordered to back out of his cell. As he backed out, however, he turned rapidly and kicked the correction officer. Following a jury trial, defendant was convicted of both charges and sentenced as a second felony offender to concurrent determinate prison terms of seven years, prompting this appeal.

Initially, we are unpersuaded by defendant's contention that there was insufficient evidence to support his convictions. Viewing the evidence in the light most favorable to the People (*see People v Bleakley,* 69 NY2d 490, 495 [1987]), we conclude that there was sufficient evidence to establish every element of the two assault charges (*see* Penal Law § 120.05 [3], [7]), including the requirement in both statutory provisions that defendant caused a "physical injury" to the correction officer. According to Penal Law § 10.00 (9), physical injury "means impairment of physical condition or substantial pain." Here, the jury viewed the videotape of the attack. The injured correction officer, who had no previous contact with defendant, testified that he "almost passed out after being struck in the testicles," the

injury caused him "[e]xcruciating pain" and resulted in soreness, a swollen testicle and bruising which caused him to miss several days of work. The physician assistant who examined the correction officer shortly after the attack confirmed the existence of the injury and opined that it would cause substantial pain. The jury was free to credit that testimony (*see People v Guidice*, 83 NY2d 630, 636 [1994]) and we decline to disturb the convictions on the basis of legal insufficiency. Moreover, considering the evidence in a neutral light, including defendant's claim of self-defense, we conclude that defendant's convictions were not against the weight of the evidence (*see People v Bleakley, supra* at 495).

Turning to defendant's challenges to the jury instructions, his argument concerning the reasonable doubt instruction was not preserved for appellate review inasmuch as no objection to that instruction occurred at trial (*see People v Walker*, 274 AD2d 600, 601 [2000], *lv denied* 95 NY2d 908 [2000]). In any event, if the issue were properly before us, considering the charge as a whole, we would conclude that the charge was appropriate (*see People v Antommarchi*, 80 NY2d 247, 251-253 [1992]; *People v Walker, supra* at 601). Furthermore, we do not agree that justification as a defense under Penal Law § 35.05 (2) should have been charged. The theory pursued by defense counsel at trial was that defendant believed he was under a "deprivation" order prohibiting him from leaving his cell. Thus, when the officers opened his gate to take him to the shower, defendant reasonably believed, based on his prior experiences in prison, that he was about to be attacked. However, the proof at trial indicated that defendant was not under a deprivation order and, even if he was, would still be permitted to shower. In any event, there is no explanation as to why defendant would voluntarily place his hands in the feeding tray to allow hand restraints if he believed he was about to be attacked. Since no reasonable view of the evidence would support charging a justification defense, County Court did not err in failing to so charge (*see People v Palmer*, 192 AD2d 803, 805 [1993]; *People v Hilliard*, 142 AD2d 885 [1988], *revd on other grounds* 73 NY2d 584 [1989]).

Next, defendant, who did not testify at trial, claims that County Court abused its discretion in its *Sandoval* ruling. In our view, County Court appropriately utilized the "*Sandoval* compromise" by allowing the People to question defendant about two prior drug-related felony convictions if he testified, but could not reveal the nature of or facts surrounding such offenses (*see People v Brockway*, 277 AD2d 482, 485 [2000]). Al-

though defendant maintains that the felonies were irrelevant to the assault charges and not probative of his ability to testify truthfully, his convictions were indicative of his "willingness to place his own interests above those of society" (*People v Teen*, 200 AD2d 785, 786 [1994], *lv denied* 83 NY2d 859 [1994]; *see People v Duffy*, 36 NY2d 258, 262 [1975]).

Finally, considering defendant's criminal history and the nature of the subject crimes, we cannot say that the sentence imposed was harsh or excessive, nor do we discern any extraordinary circumstances warranting modification in the interest of justice (*see* CPL 470.15 [3] [c]; [6] [b]).

Defendant's remaining arguments, including his claims that the grand jury proceeding was defective and he was denied the effective assistance of trial and appellate counsel, have been examined and found to be meritless or unsupported by the record.

Spain, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.