(May 15, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME LOGAN, Appellant. [761 NYS2d 111] —Peters, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered August 26, 1998, upon a verdict convicting defendant of the crimes of attempted murder in the first degree, assault in the second degree (two counts), criminal possession of a weapon in the third degree and promoting prison contraband in the first degree.

Defendant, an inmate, was charged in a nine-count indictment with crimes arising out of an assault upon Luke Fessette, a correction officer, on September 17, 1997. Following a jury trial, he was convicted of attempted murder in the first degree, criminal possession of a weapon in the third degree, promoting prison contraband in the first degree and two counts of assault in the second degree, one for the attack on Fessette and one for biting another correction officer.

Defendant contends that County Court should have dismissed the indictment after the People failed to permit him to testify before the grand jury. To be sure, a defendant has the right to appear as a witness on his or her own behalf before a grand jury. Timely notice of such request must be served upon the District Attorney (*see* CPL 190.50 [5] [a]). If, despite proper notice, the prosecution fails to permit such testimony, defendant must move to dismiss the indictment within five days of the arraignment (*see* CPL 190.50 [5] [c]).

Here, defendant neither properly asserted his request to testify nor timely moved for dismissal of the indictment. With the burden upon him to establish that the District Attorney had actual receipt of his request to testify (*see People v Brown*, 300 AD2d 918, 919 [2002]), defendant asserted that several weeks prior to the grand jury presentment he sent a letter to the Clinton County District Attorney. The document he provides, however, indicates that it was sent to the District Attorney "c/o Clinton County Court" and, most tellingly, is dated September 26, *1998*. Moreover, despite being represented by counsel at his arraignment on October 22, 1997, the motion to dismiss the indictment was not made until March 1998 (*see People v Fells*, 279 AD2d 706, 709 [2001], *lv denied* 96 NY2d 758 [2001]).

Next addressing defendant's challenge to the sufficiency of the evidence and his assertion that the verdict convicting him of attempted murder in the first degree and one of the two counts of assault in the second degree was against the weight of the credible evidence, we find the verdict legally sufficient to establish all elements of these crimes (*see People v Contes*, 60 NY2d 620 [1983]). Moreover, having weighed the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn therefrom, according significant deference to the opportunity of this jury to view the witnesses, hear the testimony and observe the witnesses' demeanor, we cannot conclude that appropriate weight was not accorded to the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Zabala*, 290 AD2d 578, 579 [2002], *lv denied* 97 NY2d 735 [2002]).

Fessette testified that defendant refused to return to his cell and then struck him in the face, forced him downward into a forward bending position and stabbed him repeatedly in both the back and the head with a shank. Fessette eventually summoned assistance. The first to respond was Correction Officer Larry Collins. Upon Collins's order, defendant released Fessette, but would not drop the weapon; he told Collins to

stay away or risk the same treatment. As more officers arrived, defendant threatened them as well, one time threatening to stab a correction officer in the eyes. The testimony of other correction officers, as well as one inmate, supported Fessette's assertions. Although defendant eventually reentered his cell and the door was closed, he still refused to give up his weapon; chemical agents had to be used to insure compliance. After defendant threw the weapon into the corridor, he was transported to the prison hospital to be showered and evaluated. As Lieutenant Bruce McCormack and others were attempting to cut off his clothing for the purpose of decontamination, defendant bit the tip of McCormack's finger.

At trial, defendant testified on his own behalf. His description of the encounter differed substantially from the testimony provided by the People. He contended that he and Fessette had a heated argument about the grievances that defendant filed against him,[1] resulting in Fessette striking him with his baton. This prompted defendant to produce his shank and stab Fessette in self-defense. He further asserted that as the officers were removing his clothing, they were assaulting him; a video taken simultaneously with the incident does not support his contentions.[2]

In our view, the testimony was more than sufficient to enable a rational jury to conclude that defendant intentionally engaged in conduct that would tend to cause the death of a state correctional institution employee and that he knew or had reason to know that the intended victim was such an employee (*see* Penal Law §§ 110.00, 125.27 [1] [a] [ii]; *People v King*, 293 AD2d 815, 816 [2002], *lv denied* 98 NY2d 698 [2002]). We also reject defendant's challenge to the sufficiency of the injury suffered by McCormack (*see People v Black*, 304 AD2d 905 [2003]; *People v Hogencamp*, 300 AD2d 734, 734-735 [2002]; *People v Durant*, 190 AD2d 615, 616 [1993], *lv denied* 81 NY2d 1013 [1993]) and to the jury charge (*see People v Magliato*, 68 NY2d 24, 29 [1986]).

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.

1. Notably, testimonial evidence revealed that no grievances had been filed.

2. It does reveal, as testified to by the witnesses for the People, that after McCormack was bitten, he hit defendant in response.