(May 29, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY PORTER, Appellant. [761 NYS2d 691] —Mercure, J.P. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered October 20, 2000, upon a verdict convicting defendant of two counts of the crime of assault in the second degree.

Defendant was charged in an indictment with two counts of assault in the second degree. At the time of the incident giving rise to the charges, defendant was incarcerated at Great Meadow Correctional Facility in Washington County. Correction Officer Brian Boutin testified at trial that while he was attempting to remove defendant from his cell for a court appearance, defendant kicked him in the side of the head and face. Boutin lost his footing and ended up on top of defendant. Boutin, who stated that the incident left him feeling dazed, was taken to the facility hospital at Great Meadow and then to a local hospital. He indicated that he suffered pain and swelling on both sides of his face that lasted for several days and impaired his ability to chew. Boutin further indicated that he had to take painkillers for four days and that he missed two days of work.

The jury ultimately found defendant guilty as charged. County Court sentenced defendant, as a second felony offender, to concurrent seven-year determinate prison sentences on each count, to run consecutively with sentences previously imposed upon him. Defendant appeals.

Initially, we reject defendant's argument that there was insufficient evidence to establish that Boutin suffered a physical injury, an element of the assault charges (see Penal Law § 120.05 [3], [7]). "Physical injury" is defined in Penal Law § 10.00 (9) as "impairment of physical condition or substantial pain." Viewing the evidence in the light most favorable to the People, as we must, we conclude that there is a "valid line of reasoning and permissible inferences which could lead a

rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495 [1987]). Specifically, Boutin's testimony regarding his pain, the testimony of the nurse who treated him confirming the existence of marks on his face, and the testimony of the other correction officers who observed Boutin's condition and the impairment of his ability to continue with the efforts to subdue defendant immediately after the incident provide sufficient evidence for the jury to have concluded that Boutin suffered substantial pain amounting to a physical injury (*see People v Guidice*, 83 NY2d 630, 636 [1994]; *People v Porter*, 304 AD2d 845 [2003]; *People v Brown*, 243 AD2d 749, 749-750 [1997]; *People v Scott*, 162 AD2d 479, 479 [1990], *lv denied* 76 NY2d 865 [1990]; *cf. People v Thomas*, 274 AD2d 761, 761-762 [2000], *lv denied* 95 NY2d 939 [2000]). Moreover, considering the evidence in a neutral light, including defendant's claim that he never kicked the officers, we conclude that defendant's conviction was not against the weight of the evidence (*see People v Bleakley, supra* at 495).

Defendant also claims that County Court abused its discretion in its *Sandoval* ruling allowing the People to question defendant regarding his "extensive prison disciplinary record without going into it" if he testified. We note that the court did not permit the People to cross-examine defendant regarding his convictions for assault in the second degree, finding that such questioning would be "unfairly prejudicial" to defendant since the incidents giving rise to the convictions were similar and had occurred just weeks before those herein. Defendant was asked a question on cross-examination regarding his disciplinary record, which he acknowledged was extensive. Although defendant argues that this question was prejudicial, any prejudice to defendant was minimal and far outweighed by the probative worth of the disciplinary record, which was indicative of defendant's "willingness or disposition * * * to place the advancement of his individual self-interest ahead of principle or of the interests of society" (*People v Sandoval*, 34 NY2d 371, 377 [1974]; *see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v Camacho*, 286 AD2d 800, 801 [2001], *lv denied* 97 NY2d 655 [2001]).

Finally, we conclude that the sentence imposed here was not harsh or excessive in light of defendant's criminal history and the nature of the crime (*see People v Porter, supra* at 845). Defendant's remaining contentions, including his arguments that County Court's reasonable doubt charge was improper, the grand jury proceeding was defective and he was denied the

effective assistance of counsel, are either meritless, unpreserved or not properly before us on this appeal.

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.