■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONCEPTUALIZATION GIBBS, Appellant. [824 NYS2d 502]—

---

Spain, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered January 16, 2004, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant appeals from his conviction, following a jury trial, of assault in the second degree stemming from an incident in which he struck a correction officer in the head with a food tray while incarcerated at the Elmira Correctional Facility in Chemung County. In addition to other correction officers' testimony, a video of the incident was played for the jury, reflecting that two officers went to defendant's cell to escort him to another area. After they handcuffed defendant through the feed hatch, defendant—while exiting his cell—swung around and hit one of the officers in the head with a food tray, causing a laceration to his head which required sutures and caused his eye to swell shut. The video also documented a breakfast delivery incident, approximately one-half hour earlier, in which defendant, believing he had received an incorrect meal, had placed his hands in the food hatch refusing to permit it to be closed, although it was closed minutes later without incident. Defendant testified, admitting hitting the injured officer with the tray, but claimed that he had been previously threatened by the officers and had acted in self-defense. Defendant was sentenced, as a second felony offender, to six years in prison with five years of postrelease supervision, to be served consecutively to his current sentence.

Initially, defendant's challenge to the legal sufficiency of the evidence was not preserved by his general motion to dismiss at the close of proof (*see People v Finger*, 95 NY2d 894, 895 [2000]; *People v Smith*, 27 AD3d 894, 896 [2006], *lv denied* 6 NY3d 898 [2006]). In any event, viewed in the light most favorable to the People, the injured officer's testimony, combined with the eyewitness accounts and the video of the incident, were more than sufficient to enable a rational jury to conclude that defendant intentionally caused physical injury to the officer (*see People v Contes*, 60 NY2d 620, 621 [1983]; *People v Chasey*, 5 AD3d 815, 816 [2004], *lv denied* 2 NY3d 797 [2004]; *People v Porter*, 304

AD2d 845, 845-846 [2003], *lv denied* 100 NY2d 565 [2003]; *see also* Penal Law § 10.00 [9]; § 120.05 [7]). Furthermore, considering all of the evidence in a neutral light, including defendant's self-defense claim and testimony, we do not conclude that the jury failed to accord the evidence the appropriate weight (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Logan*, 305 AD2d 797, 798 [2003], *lv denied* 100 NY2d 584 [2003]; *People v Porter, supra* at 846).

Next, defendant contends that the prosecutor committed misconduct which impaired the integrity of the grand jury proceedings and prejudiced his self-defense claim (*see* CPL 210.35 [5]), which he had unsuccessfully asserted in a CPL article 330 motion. Defendant argued that the prosecutor failed to produce or show the grand jury that portion of the video covering the half hour between the breakfast incident and the later assault, although requested to do so. However, the record reflects that the People were not aware of the tape; after defendant claimed during his grand jury testimony that additional video coverage existed, the People requested and obtained it and gave a copy to defense counsel prior to trial, and it was played for the jury. A review of the tape—as defense counsel candidly conceded on the motion—fails in any way to support defendant's testimony that he was threatened by the officers during that time interval preceding this assault. Thus, we find that the nonproduction in no way potentially prejudiced the ultimate decision reached by the grand jury (*see People v Huston*, 88 NY2d 400, 409 [1996]; *People v Alicea*, 276 AD2d 915, 915-916 [2000], *lv denied* 96 NY2d 780 [2001]).

Defendant's remaining claims were not raised before County Court and are also belied by the record.

Cardona, P.J., Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.