■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE ADAMS, Appellant. [835 NYS2d 498]—

Lahtinen, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered February 6, 2004, upon a verdict convicting defendant of two counts of the crime of assault in the second degree.

Defendant, an inmate, allegedly struck a correction officer in

the face with his fist, knocking him to the ground and causing him to sustain various injuries. When other officers responded, defendant charged at one, grabbing him around the neck and biting his shoulder. He was indicted on two counts of assault in the second degree. At a *Sandoval* hearing, County Court ruled that the People would be precluded from inquiring about felony convictions from 1989 and 1990. The court permitted inquiry about the existence of robbery convictions from 1993 and 1999, but not the facts underlying those convictions. The next day, the People supplemented the *Sandoval* material by seeking permission to question defendant about his prison disciplinary history, and such permission was granted. At the ensuing trial, defendant elected to testify and the prosecutor cross-examined him extensively regarding his prison disciplinary record. The jury convicted defendant of both counts of assault in the second degree and, following sentencing, this appeal ensued.

Defendant first argues that the scope of questioning that County Court permitted regarding his prison disciplinary record constituted reversible error. "A criminal defendant who chooses to testify may be cross-examined concerning prior criminal, vicious or immoral acts that bear logically on that individual's credibility as a witness" (*People v Gray*, 84 NY2d 709, 712 [1995]; *see People v Sandoval*, 34 NY2d 371, 376 [1974]). The determination as to which prior convictions and bad acts can be inquired about and the extent of such inquiry rests primarily within the discretion of the trial court (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Gray, supra* at 712). "[I]t is the defendant who has the burden 'of demonstrating that the prejudicial effect of the admission of evidence [of prior convictions and misconduct] for impeachment purposes would so far outweigh the probative worth of such evidence on the issue of credibility as to warrant its exclusion' " (*People v Grant*, 7 NY3d 421, 425-426 [2006], quoting *People v Sandoval, supra* at 378). When properly weighed and considered, it is within the trial court's discretion to allow questioning regarding a defendant's prison disciplinary record (*see People v Porter*, 305 AD2d 933, 934 [2003], *lv denied* 100 NY2d 586 [2003]; *People v Anderson*, 299 AD2d 578, 579 [2002], *lv denied* 99 NY2d 580 [2003]; *People v Camacho*, 286 AD2d 800, 800-801 [2001], *lv denied* 97 NY2d 655 [2001]; *People v Delacruz*, 127 AD2d 887, 888 [1987]).

Here, the questioning about defendant's prison disciplinary history was more detailed than generally should be countenanced. Review of the trial record reveals, however, that the length of the questioning was due, in part, to defendant's evasive or incorrect answers. For example, when asked an initial

general question about his disciplinary record, defendant—who had about 20 infractions in the prior three years—characterized his record as "satisfactory." This prompted inquiries about some specific findings, many of which defendant was far from direct in answering. Several times he interjected comments that protracted this line of questioning. Under the circumstances presented, we are unpersuaded that County Court abused its discretion. Even if we were to find such an abuse in the drawn out questioning on this issue, we would find the error harmless in light of the overwhelming proof, including several eyewitnesses and defendant's admission that he got into a "scuffle" with the officers (*see generally People v Grant, supra* at 424; *People v Nichols*, 257 AD2d 851, 852 [1999], *lv denied* 93 NY2d 901 [1999]).

Next, defendant contends that misconduct by the prosecutor deprived him of a fair trial. However, the vast majority of the alleged instances that defendant asserts constituted prosecutorial misconduct were not preserved for review (*see People v Williams*, 8 NY3d 854 [2007]) and, in any event, do not merit reversal under the totality of the circumstances of this case (*see People v Nichols, supra* at 852).

Defendant's final contention, in which he characterizes the evidence of physical injury to the officer he bit as "barely sufficient," has been considered and found unavailing under the well-settled standards of review for both legal sufficiency and weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490 [1987]).

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.