■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS BOODROW, Appellant. [841 NYS2d 384]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered June 10, 2003, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the fourth degree.

Defendant and Brian Marmulstein encountered a person (hereinafter the victim) on the street in the City of Albany in the early morning hours of November 1, 2001. Marmulstein—who appeared to be wearing a sheathed knife—took $10 and a debit card from the victim while defendant stood nearby. Defendant was arrested later that day in the Town of Colonie, Albany County, for an unrelated crime, at which time the victim's debit card was found in his possession. A four-count indictment was handed up against defendant, including charges for robbery in the second degree, grand larceny in the fourth degree (two counts) and criminal possession of stolen property in the fourth degree.

Following his arraignment in County Court, defendant moved to dismiss the indictment claiming that he had not been properly notified of the grand jury proceedings. The court implicitly denied the motion in its ruling on defendant's omnibus motion. After a jury trial at which defendant did not testify, he was convicted of criminal possession of stolen property in the fourth degree and acquitted of the remaining three counts. Sentenced as a predicate felony offender to a prison term of 2 to 4 years, defendant now appeals, and we affirm.

Initially, defendant contends that the indictment should be dismissed as it was obtained in violation of the statutory notice provisions of CPL 190.50 (5) (a). Pursuant to that statute, the People must notify a defendant of grand jury proceedings when "such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding" (CPL 190.50 [5] [a]; *see People*

*v Smith*, 87 NY2d 715, 720 [1996]; *People v Degnan*, 246 AD2d 819, 820 [1998]; *People v Finkle*, 192 AD2d 783, 784 [1993], *lv denied* 82 NY2d 753 [1993]). A motion to dismiss an indictment on such grounds must be made not more than five days after a defendant has been arraigned upon the indictment (*see* CPL 190.50 [5] [c]; *People v Bourdon*, 255 AD2d 619, 620 [1998], *lv denied* 92 NY2d 1028 [1998]).

Here, defendant's motion was untimely and, thus, properly denied. Defendant was arraigned on January 11, 2002, during which County Court indicated repeatedly that any claim by defendant that he was not properly notified about grand jury proceedings must be brought on by motion within five days. Although defendant's subsequent motion was dated January 11, 2002, the judge's initials on the original motion papers indicate that the motion was not filed with the court until January 28, 2002 and was, thus, untimely. In any event, the record further shows that on November 26, 2001, subsequent to his arrest on the instant charges, defendant was held—after proceedings in the Town of Colonie Justice Court—for grand jury action and, as such, defendant was not entitled to notice under the provisions of CPL 190.50 (5) (a) (*see People v Hodges*, 246 AD2d 824, 825 [1998]; *see also People v Clark*, 280 AD2d 979, 979 [2001], *lv denied* 96 NY2d 827 [2001]).

Next, we find no abuse of discretion in the *Sandoval* determination made by County Court (*see People v Gray*, 84 NY2d 709, 712 [1995]; *People v Sandoval*, 34 NY2d 371, 374 [1974]; *People v Adams*, 39 AD3d 1081, 1082 [2007]). Among the convictions about which the court ruled it would permit inquiry were a representative "sampling" of misdemeanors, including multiple counts of petit larceny, criminal possession of stolen property, criminal impersonation and possession of prison contraband, and, regarding a felony driving while intoxicated conviction, the court would only allow the People to inquire whether defendant had been convicted of an E felony, without mentioning the crime or the underlying facts and circumstances (*see People v Kirton*, 36 AD3d 1011, 1013 [2007], *lv denied* 8 NY3d 947 [2007]; *People v Porter*, 304 AD2d 845, 846 [2003], *lv denied* 100 NY2d 565 [2003]; *People v Brockway*, 277 AD2d 482, 485 [2000]). Conversely, the court disallowed questioning about crimes that were more than 10 years old, bench warrants and defendant's more serious crimes of reckless endangerment, assault, aggravated harassment, aggravated unlicensed operation and criminal possession of a controlled substance. Acknowledging defendant's consistent willingness to place his own interests over those of society by engaging in activities involving dishonesty, the court

struck an appropriate balance by permitting inquiry into only 13 of defendant's 34 prior convictions (*see People v Blair*, 32 AD3d 613, 614 [2006]; *People v Ward*, 27 AD3d 776, 777 [2006], *lv denied* 7 NY3d 764 [2006]; *People v Johnson*, 24 AD3d 803, 805 [2005]).

Finally, even had County Court abused its discretion in its *Sandoval* ruling, the evidence against defendant was overwhelming, and any error was harmless (*see People v Grant*, 7 NY3d 421, 424 [2006]; *People v Adams, supra* at 1083; *People v Dunbar*, 31 AD3d 895, 896 [2006], *lv denied* 7 NY3d 867 [2006]).

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.