THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER FOSTER, Appellant. [860 NYS2d 273]—

Kavanagh, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 1, 2006, upon a verdict convicting defendant of the crimes of assault in the second degree and assault in the third degree.

After a jury trial, defendant was convicted of assault in the second degree and assault in the third degree and was subse-

quently sentenced to four years in prison, to be followed by two years of postrelease supervision, on the second degree assault charge, and one year in prison on the third degree assault charge, with the sentences to run concurrently. Defendant now appeals, claiming that neither conviction was supported by legally sufficient evidence and that each was against the weight of the evidence. He also argues that he was deprived of a fair trial as a result of certain evidentiary rulings made by County Court and the sentence imposed was harsh and excessive. Because we find that none of his claims has merit, we now affirm the judgment of conviction.

Defendant, age 45, resided with his parents in their home in the Village of Voorheesville, Albany County. Early one morning in December 2005, defendant's mother had just retrieved the newspaper from the front steps of their home and was ascending the staircase to the kitchen, when defendant suddenly confronted her and began berating her, accusing her of being a man dressed as a woman. Defendant grabbed his mother, knocked off her glasses, pulled down her pajama bottoms and dragged her down two flights of stairs. The mother yelled to defendant's father, who was upstairs, for help and for him to call 911. Defendant intercepted the father before he could make the call; they struggled and, ultimately, both fell against the front glass storm door of the premises, shattering it. While the father was involved with defendant, the mother called 911 and both she and the father were able to make their way to the garage where they locked themselves in their car and waited for help. Five uniform members of the Albany County Sheriff's Department arrived shortly thereafter and, after speaking with the mother, confronted defendant inside the house and identified themselves as law enforcement. Ultimately, but not until after defendant had struck one deputy in the mouth, the deputies were able to subdue defendant and place him under arrest.

Defendant initially argues that the evidence at trial was legally insufficient to establish that at the time of the confrontation with either his mother or the deputies, he formed the requisite intent to commit either assault. We disagree. As for the crime of assault in the second degree, the People were required to present competent evidence that defendant caused physical injury to a police officer with the intent to prevent that officer from performing his or her lawful duty (see Penal Law § 120.05 [3]). A defendant acts intentionally when his or her "conscious objective is to cause [a] result or to engage in such conduct" (Penal Law § 15.05 [1]) and intent may be inferred from a defendant's "conduct and the surrounding circum-

stances" (*People v Zindle*, 48 AD3d 971, 973 [2008]; *see People v Scott*, 47 AD3d 1016, 1019 [2008]). While defendant argues that his mental state at the time of the incident precluded him from forming an intent to commit the crime, his actions suggest otherwise.*

The responding deputies, upon their arrival at the home, called into the house and announced that they were from the Sheriff's Department. When they entered the premises, the deputies observed defendant yelling and making wild gyrations with his hands. As they approached, defendant repeatedly yelled "you don't have a warrant, get out of my house, you don't have a warrant." This evidence, taken as a whole, establishes that defendant, at the time of this confrontation, knew he was dealing with law enforcement, was aware of their law enforcement status and acted in such a way as to prevent them from performing their lawful duties (*see People v Harmon*, 264 AD2d 941, 942 [1999]). As for defendant's conviction for assaulting his mother, the evidence at trial established that, during the struggle with her, he physically dragged her down two flights of stairs and repeatedly kicked her. As such, it is a fair and reasonable inference that defendant, at the time of these acts, was "aware of and consciously disregards a substantial and unjustifiable risk" that she would be injured and that injury did in fact occur (Penal Law § 15.05 [3]). Therefore, when "[v]iewing this evidence in the light most favorable to the People, and according the People the benefit of every reasonable inference," we find that it was legally sufficient to support the jury's verdict on both counts (*People v McCowan*, 45 AD3d 888, 889 [2007], *lv denied* 9 NY3d 1007 [2007]; *see People v Pettengill*, 36 AD3d 1070, 1071 [2007], *lv denied* 8 NY3d 948 [2007]; *People v Tomasky*, 36 AD3d 1025, 1026 [2007], *lv denied* 8 NY3d 927 [2007]).

Defendant also argues that it was not established that either his mother or the deputy suffered physical injury. Again, we disagree. Physical injury is an " 'impairment of physical condition or substantial pain' " (*People v Chiddick*, 8 NY3d 445, 447 [2007], quoting Penal Law § 10.00 [9]). The " '[p]ain need not, however, be severe or intense to be substantial' " (*People v Rivera*, 42 AD3d 587, 588 [2007], *lv denied* 9 NY3d 880 [2007], quoting *People v Chiddick*, 8 NY3d at 447). The mother testified

---

* We recognize that, before trial, defendant underwent two psychological examinations pursuant to CPL article 730 and was found to be incompetent to stand trial. He was committed to the Mid-Hudson Forensic Psychiatric Center from March 2006 until May 2006, at which time he was found fit to proceed. Defendant did not contest this finding nor did he assert the affirmative defense of a mental disease or defect at trial.

that, as a direct result of this confrontation and her fall down the stairs, she sustained an injury to her arm that caused her continuing and substantial pain. She was taken by ambulance to the local hospital where she was subjected to X rays and given pain medication therapy. As for the deputy, he testified that as he was attempting to take defendant into custody, defendant resisted, and during the struggle that followed, the deputy was struck in the mouth by defendant's elbow, resulting in a chipped tooth. The deputy's lower lip was cut, the tooth was cracked, and he almost immediately began feeling pain in his teeth and gums. After the incident, the deputy sought treatment at a local hospital and took pain medication. He was later treated by a dentist who placed a temporary cap on the chipped tooth which, according to the deputy, was a constant source of pain and irritation until it was replaced a month later with a permanent fixture.

This evidence was legally sufficient for the jury to have concluded that the deputy and defendant's mother sustained a physical injury within the meaning of Penal Law § 10.00 (9) (*see People v Porter*, 305 AD2d 933, 934 [2003], *lv denied* 100 NY2d 586 [2003]; *People v Conseillant*, 289 AD2d 1048, 1048 [2001], *lvs denied* 98 NY2d 674 [2002], 3 NY3d 658 [2004]). Moreover, "[v]iewing the evidence in a neutral light and weighing the probative force of the conflicting testimony and the relative strength of any conflicting inferences which may be drawn, as well as giving due deference to the jury's credibility assessments" (*People v Pomales*, 49 AD3d 962, 963 [2008]; *see People v Jackson*, 48 AD3d 891, 892 [2008]), we disagree with defendant's contention that the verdict was against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *see also People v Romero*, 7 NY3d 633, 643 [2006]; *People v Studstill*, 27 AD3d 833, 834 [2006], *lv denied* 6 NY3d 898 [2006]; *People v Porter*, 305 AD2d at 934).

Next, defendant claims that County Court erred by denying his motion to bar the People from use on cross-examination of the circumstances that resulted in his prior conviction for criminal contempt and, that as a result of this ruling, he did not exercise his right to testify at trial in his own defense (*see People v Sandoval*, 34 NY2d 371, 374 [1974]). While County Court properly barred the People from cross-examining defendant regarding a number of convictions that appear in his criminal record, it did find that his prior conviction for criminal contempt and the underlying circumstances demonstrated defendant's willingness to place his own self interest above that of society and that, as a result, the probative value of this evidence

outweighed the risk of any unfair prejudice to defendant upon its admission (*see id.* at 375-377; *People v Pomales,* 49 AD3d at 964; *People v Boodrow,* 42 AD3d 582, 584-585 [2007]; *People v Johnson,* 24 AD3d 803, 804-805 [2005]). County Court properly weighed all of the relevant factors in allowing the use of this evidence on cross-examination, and its ruling did not constitute an abuse of discretion (*see People v Gray,* 84 NY2d 709, 712 [1995]; *People v Shields,* 46 NY2d 764, 765 [1978]).

Nor do we agree that County Court erred by admitting into evidence a tape recording of the 911 call made by defendant's mother. Defendant claims that there was no foundation laid justifying the admission of this tape, it was irrelevant and it constituted improper bolstering of the mother's testimony. Both participants to the telephone call—defendant's mother and the 911 operator who received it—testified at trial, and each not only identified her voice as recorded on the tape, but also testified that the tape fairly and accurately recorded the content of their conversation at the time the call was made (*see People v Ely,* 68 NY2d 520, 527 [1986]; *People v Waxter,* 268 AD2d 899, 900 [2000]; *People v Jackson,* 200 AD2d 856, 858 [1994], *lv denied* 83 NY2d 872 [1994]). Nor do we find that the tape recording was irrelevant or that it merely served to bolster the mother's testimony. The contents of the tape recording constituted a spontaneous description by the mother of the events as they unfolded and was "sufficiently corroborated by other evidence" introduced at trial (*People v Brown,* 80 NY2d 729, 734 [1993]; *see People v Vasquez,* 88 NY2d 561, 575 [1996]; *compare People v Hughes,* 287 AD2d 872, 875 [2001], *lv denied* 97 NY2d 656 [2001]). As such, they qualified for admission under the present sense impression exception to the rule against hearsay (*see People v Buie,* 86 NY2d 501, 505 [1995]).

Finally, we are unpersuaded that County Court abused its discretion or that there are extraordinary circumstances warranting a modification of defendant's sentence in the interest of justice (*see People v Ryan,* 46 AD3d 1125, 1128 [2007]). The remaining arguments have been considered and found unavailing.

Cardona, P.J., Spain, Carpinello and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.