■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER D. NASH, Appellant. [883 NYS2d 333]—

Stein, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered May 23, 2007, upon a verdict convicting defendant of the crime of assault in the second degree.

While incarcerated in the Broome County Jail, defendant and the victim had a disagreement concerning an exchange of bread and juice. Feeling disrespected by the victim's refusal of his offer of bread, defendant allegedly punched the victim in the face, causing profuse bleeding, bruising, swelling and multiple fractures of the bones of the victim's face in the area of his right eye. As a result, defendant was charged with one count of assault in the second degree. Defendant was ultimately convicted by a jury as charged and was sentenced as a second violent felony offender to a term of imprisonment of seven years to be followed by five years of postrelease supervision. He now appeals.

Initially, we discern no error in County Court's denial of defendant's speedy trial motion. A felony complaint was issued on December 5, 2005, charging defendant with one count of assault in the second degree. Defendant was subsequently indicted on the same charge on December 20, 2005; he was arraigned on the indictment on December 23, 2005 and the People declared their readiness for trial on that date. Defendant was later released on bail and subsequently failed to appear as scheduled before County Court in April 2006, prompting the issuance of a bench warrant. Defendant was arrested in Kings County on unrelated charges in August 2006. Following some difficulties on the part of the People in procuring defendant's appearance in County Court, he was returned to Broome County in October 2006. At a November 2006 appearance before County Court, a March 5, 2007 trial date was set and defendant was then returned to Kings County. The People again encountered problems in arranging to produce defendant for the trial, but defendant's presence in Broome County was eventually accomplished on March 12, 2007 and a new May 2007 trial date was set by the court a few days later. Defendant filed an omnibus motion in March 2007 and, in April 2007, defendant moved to dismiss the indictment pursuant to CPL 30.30. County Court denied defendant's CPL 30.30 motion on May 10, 2007 and his trial commenced shortly thereafter.

Having charged defendant with a felony, the People were required to be ready for trial within six months of the filing of the first accusatory instrument, here the felony complaint (*see* CPL 30.30 [1] [a]; *People v Cortes*, 80 NY2d 201, 208 [1992]; *People v Ramos*, 48 AD3d 984, 986 [2008], *lv denied* 10 NY3d

938 [2008]). The People declared their readiness for trial within the six-month period. Therefore, we must determine whether any postreadiness delays are chargeable to the People (*see People v Rouse*, 4 AD3d 553, 556 [2004], *lv denied* 2 NY3d 805 [2004]; *People v Simmons*, 252 AD2d 825, 826 [1998]; *see generally People v Anderson*, 66 NY2d 529 [1985]). To that end, in calculating the time elapsed for purposes of CPL 30.30, County Court properly determined that the period from November 6, 2006 (when the March 5, 2007 trial date was set) to February 2, 2007 (when the People failed to comply with County Court's order to effect defendant's return from Kings County in anticipation of trial) was not chargeable to the People inasmuch as a trial date had been set and they remained ready for trial. Therefore, this delay was not attributable to their inaction and did not implicate their ability to proceed to trial (*see People v Rouse*, 4 AD3d at 556). Likewise, the period from the People's declaration of readiness on December 23, 2005 through defendant's arrest in Kings County on August 6, 2006 following his abscondence (*see* CPL 30.30 [4] [c] [ii]), and the period attributable to defendant's motion practice from March 21, 2007 through May 10, 2007 (*see* CPL 30.30 [4] [a]; *People v Dunton*, 30 AD3d 828, 828-829 [2006], *lv denied* 7 NY3d 847 [2006]) were not chargeable to the People. Exclusion of these time periods brings the time chargeable to the People well within the six-month limit. Therefore, defendant's remaining arguments regarding the People's failure to produce defendant for the March 5, 2007 trial date are rendered academic. Additionally, upon consideration of the factors enunciated in *People v Taranovich* (37 NY2d 442, 445 [1975]), we find no constitutional speedy trial violation (*see People v Pitt*, 43 AD3d 1248, 1249 [2007], *lv denied* 9 NY3d 1008 [2007]).

Defendant's claim that the evidence of the victim's injuries was legally insufficient to demonstrate that he had sustained a physical injury within the meaning of the Penal Law is also unavailing. " 'Physical injury' means impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]; *see People v Chiddick*, 8 NY3d 445, 447 [2007]; *People v Foster*, 52 AD3d 957, 959 [2008], *lv denied* 11 NY3d 788 [2008]). Here, the radiologist who read the victim's CT scans testified that the victim had sustained multiple "severe" fractures. In addition, the victim testified that he had to be taken to the hospital, had difficulty opening his right eye for days after the incident, spent 30 days in the medical unit of the jail, and was prescribed medication to alleviate his pain. Viewing the evidence in a light most favorable to the People (*see People v Foster*, 52 AD3d at 959), we conclude that it was legally sufficient for the jury to

find that the victim sustained a physical injury (*see People v Chiddick*, 8 NY3d at 447; *People v Foster*, 52 AD3d at 959-960; *People v Porter*, 305 AD2d 933, 933-934 [2003], *lv denied* 100 NY2d 586 [2003]).

Defendant next asserts that the jury's conclusion that he intended to cause physical injury (*see* Penal Law § 120.05 [7]) is contrary to the weight of the evidence. "Intent may be inferred from conduct as well as the surrounding circumstances" (*People v Steinberg*, 79 NY2d 673, 682 [1992] [citations omitted]; *see People v Zindle*, 48 AD3d 971, 973 [2008], *lv denied* 10 NY3d 846 [2008]; *People v Terk*, 24 AD3d 1038, 1039 [2005]) and, contrary to defendant's contention, need not exist for any length of time prior to the moment of the prohibited act (*see* CJI2d[NY] Culpable Mental States—Intent).

Here, evidence established that the victim rebuffed defendant's offer to trade a piece of defendant's bread at the current meal for the victim's juice at breakfast the next morning. The victim threw the bread back on defendant's tray, prompting defendant to walk over to the victim and verbally engage the victim. Then, in response to another allegedly insulting comment by the victim, defendant punched the victim in the face with enough force to knock him out of his seat and onto the floor. There was no testimony that the victim's statements were threatening in any way and, in any event, defendant was free to walk away. Viewing the incident in its entirety, it can be inferred from the circumstances that defendant intended to cause physical injury to the victim, notwithstanding defendant's assertions to the contrary. In sum, upon our review of the evidence in a neutral light—including both defendant's and the victim's accounts of the incident along with that of the correction officer who was present at the time, and the evidence regarding the extent and seriousness of the victim's injuries—we find that defendant's conviction was in accord with the weight of the evidence (*see People v Zindle*, 48 AD3d at 973; *People v Terk*, 24 AD3d at 1039-1040).

Finally, defendant contends that County Court erred in failing to dismiss the indictment due to a defect in the grand jury process. His claim is premised upon an assertion that the same grand jury that handed up the present indictment was also presented with evidence against defendant regarding a separate and unrelated criminal transaction.

Dismissal of an indictment is appropriate where the grand jury proceedings are defective "in that they fail 'to conform to the requirements of [CPL article 190] to such degree that the integrity thereof is impaired and prejudice to the defendant

may result' " (*People v Di Falco*, 44 NY2d 482, 485 [1978], quoting CPL 210.35 [5]; *see* CPL 210.20 [1] [c]; *People v Williams*, 73 NY2d 84, 90 [1989]). Nothing within CPL article 190 explicitly prohibits the independent presentment to one grand jury of two unrelated matters seeking two separate indictments regarding the same defendant (*see People v Nieves*, 279 AD2d 388, 388 [2001], *lv denied* 96 NY2d 804 [2001]; *see generally People v Adessa*, 89 NY2d 677 [1997]). In our view, the circumstance presented here is no more problematic than the permitted procedure wherein a grand jury considers, for purposes of handing up a single indictment, multiple offenses arising from different criminal transactions that are joinable because they are "the same or similar in law" (CPL 200.20 [2] [c]; *see People v Simon*, 187 AD2d 740, 740 [1992], *lv denied* 81 NY2d 893 [1993]; *Matter of Gold v Booth*, 79 AD2d 1013, 1013 [1981]).[1] Accordingly, the mere presentation to a single grand jury of evidence regarding two different alleged criminal transactions—even though the offenses arising therefrom would not be joinable—neither "fails to conform to the requirements of [CPL article 190]" nor does it, without more, present an impairment of the integrity of the grand jury which may result in prejudice to the defendant (CPL 210.35 [5]; *see People v Nieves*, 279 AD2d at 388).

However, our inquiry does not end there. It is also necessary to determine whether there were any improprieties in the manner in which the two alleged criminal transactions were presented to the grand jury which may have impaired the grand jury's integrity and prejudiced defendant (*see generally* CPL 190.25 [6]; *People v Huston*, 88 NY2d 400 [1996]; *People v Caracciola*, 78 NY2d 1021, 1022 [1991]; *People v Darby*, 75 NY2d 449, 454 [1990]; *People v Jones*, 239 AD2d 234, 235 [1997]). Thus, a review of the grand jury minutes is necessary to determine whether dismissal is warranted.[2] However, it does not appear that such a review was undertaken by County Court here and the record before us does not include a copy of either the grand jury minutes or a transcript of any hearing held to determine the merits of defendant's argument. Thus, remittal is necessary.

Mercure, J.P., Peters, Malone Jr. and Garry, JJ., concur. Ordered that the decision is withheld, and matter remitted to

---

**1.** Arguably, presentation of unrelated but substantially similar alleged crimes to a grand jury is more prejudicial to a defendant than the presentation of unrelated and different alleged crimes.

**2.** Specifically, an assessment should be made as to whether the manner of presentment to the grand jury created an undue risk that evidence of one criminal transaction was improperly considered in the grand jury's deliberation of the other.