OPINION OF THE COURT
Gabriel W. Gorenstein, J.
Defendant is charged in each of the above cases with being an unlicensed general vendor under Administrative Code of the City of New York § 20-453, an unclassified misdemeanor. In each instance, the complaint alleges that the defendant was offering items for sale without a license and that “[a]t the time of the [police] officer’s observations, defendant was not displaying a license issued by the Department of Consumer Affairs and could not produce one when asked.” The defendant moves to dismiss the informations on the ground that they are facially insufficient. Defendant raises several arguments which this court will address in turn.
The defendant first challenges the legality of the presumption contained in the Administrative Code providing that the “failure by a general vendor who is required to be licensed * * * to exhibit upon demand a general vendor’s license * * * to any police officer * * * shall be presumptive evidence that such general vendor is not duly licensed”. (Administrative Code § 20-474.3 [a].) This presumption, enacted in 1994, is critical to the sufficiency of the informations in this case inasmuch as there is no nonhearsay evidence that the defendant did not have a license. Instead, the People rely solely on the informations’ allegations that the defendant failed to display the required license and could not produce one when asked to do so.
The defendant asserts that this presumption was enacted by the New York City Council in violation of New York State Constitution article VI and Municipal Home Rule Law § 11 (1) (e). Defendant argues that the City Council does not have the authority to adopt laws that “affect the procedures in the criminal courts.” The sole case defendant cites is Cohn v Borchard Affiliations (25 NY2d 237 [1969]) — in particular, its statement that “the authority to regulate practice and procedure in the courts lies principally with the Legislature” {supra, at 247). The defendant argues that Cohn’s statement means that the authority to enact a criminal presumption rests only with the *594 State Legislature, not a local legislative body such as the City Council.
Upon close examination, it is clear that the defendant has wrenched the quotation from Cohn (supra) out of context. Cohn dealt with a statutory requirement that a defendant must serve upon the plaintiff a written demand for a note of issue before moving to dismiss a complaint for failure to prosecute. The issue in Cohn was whether this procedural requirement was a valid exercise of legislative power or whether the rule could be adopted only by a court. Cohn’s ultimate upholding of the statute, including the quoted statement relied on by the defendant, rested only on its recognition that the courts’ power to regulate procedure was subordinate to the Legislature’s power. Cohn did not in any way speak to the issue of whether a local legislative body would have the power to make such rules. Nor does article VI of the State Constitution, which deals with the powers and structure of the State judiciary, speak to this issue.
Such power is explicitly granted, however, by the Municipal Home Rule Law. Contrary to defendant’s assertion, the Municipal Home Rule Law does not bar a local body from enacting a criminal presumption. Rather, it grants broad power to a local legislative body “to prescribe that violations [of local law] shall constitute misdemeanors, offenses or infractions and to provide for the punishment of violations thereof’. (Municipal Home Rule Law § 10 [4] [b].) It would be peculiar if the Legislature granted such broad authority to local governments to enact criminal ordinances without the concomitant authority to enact statutory presumptions, an authority that has frequently been exercised by the State Legislature itself. (See, e.g., Penal Law §§ 220.25, 265.15.)
Contrary to defendant’s assertion, the Municipal Home Rule Law contains no bar to the enactment of presumptions by local legislative bodies. The only provision cited by the defendant prohibits local enactments that “supersede! ] a state statute”. (Municipal Home Rule Law § 11 [1].) This provision is not applicable here because there is no State statute dealing with the criminal conduct at issue in this case, let alone the specific presumption at issue. Thus the license presumption enacted by the City Council does not supersede a State statute.
Defendant next argues that the presumption is not constitutionally valid because it lacks a rational connection between the facts that are proved (the failure to display or produce a license) and the fact that is to be inferred (that the defendant does not in fact have a license), citing People v Leyva *595 (38 NY2d 160 [1975]). However, people who have licenses to engage in activities that are the subject of police enforcement, such as persons driving an automobile or hunting on public lands, are aware that they should carry such licenses with them. Indeed, the Administrative Code, in a separate section, specifically requires that “[e]ach general vendor shall carry his or her license on his or her person” and requires that the license “be worn conspicuously by him or her at all times while he or she is operating as a general vendor.” (Administrative Code § 20-461 [a], [b].) Given the legislative mandate, it is a matter of common sense that persons who do not have such a license on their person are likely not to possess one. Because the statutory presumption rests on a commonsense inference, it is rational and should be respected by this court.*
Defendant further contends that, even if rational, a presumption must also rest on a “[practical, prosecutorial need”, citing People v Leyva (38 NY2d, supra, at 165). The defendant asserts that the rule here rests merely on “administrative convenience” and therefore cannot satisfy Leyva’s requirements. However, as defendant herself recognizes and discusses at length, the legislative history of the presumption specifically reflects the City Council’s consideration of the administrative burden that would result from obtaining corroborating affidavits from representatives of the Department of Consumer Affairs for each prosecution. While defendant focuses on the word “need” in arguing that there is no absolute necessity for the presumption, Leyva recognizes that what is “practical” must also be considered. The avoidance of the effort of obtaining supporting depositions in each unlicensed general vendor case is precisely the sort of “practical, prosecutorial need” that supports the existence of this presumption.
Finally, the defendant argues that the informations are facially insufficient because they do not provide reasonable cause to believe that the defendant was in a public place and that she intended to sell any items.
The information in docket No. 98N094463 alleges that defendant was at Canal Street and Broadway, which sufficiently al *596 leges the element of public place. The information further alleges that the arresting officer observed the defendant immediately behind a shopping cart containing more than 100 shirts and that she was showing the shirts to numerous people. These allegations are sufficient to provide reasonable cause to believe that defendant offered to sell items in a public place. (See, e.g., People v Sylla, 154 Misc 2d 112, 115 [Crim Ct, NY County 1992].) The absence of any allegation that defendant solicited customers by talking to them as they passed the shopping cart does not render the information insufficient. An offer to sell may be conveyed in other ways, such as the conduct alleged here. (See, e.g., supra, at 115-116.)
In docket No. 98N013858, the information alleges that defendant was in front of 270 Broadway, which sufficiently alleges the element of public place. The information further alleges that the arresting officer observed the defendant in front of a blanket upon which were socks and gloves and that the defendant was showing the socks and gloves to numerous people and arranging the goods on the blanket. For the same reasons as above, these allegations also provide reasonable cause to believe that defendant offered to sell items in a public place.
Taken together, the allegations contained in the informations are sufficient to provide reasonable cause to believe that the defendant committed the crimes charged. Accordingly, the motion to dismiss is denied.

 Certainly, a trier of fact could conclude that the inference created by the statute was not applicable in this case. (See, e.g., People v Rodriguez, 152 Misc 2d 512, 515 [Sup Ct, Queens County 1991] [“statutory presumptions in criminal cases are not true presumptions but rather create permissible inferences * * * even where the facts necessary to trigger the presumption are established * * * the trier of fact is still free to decline the proposed inference”].) Such a conclusion is appropriately made at trial, however, not in the context of a motion to dismiss.