■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN VENERACION, Appellant. [703 NYS2d 433] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered March 5, 1997, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 13 years, 7 years and 7 years, respectively, unanimously affirmed.

The court's *Sandoval* ruling, permitting limited questioning in connection with defendant's possession of a weapon fashioned from a razor blade while incarcerated was an appropriate exercise of discretion, balancing the probative value of the evidence against the risk of prejudice, and any similarities between the crimes charged and the prison infraction did not compel preclusion (*see, People v Mattiace*, 77 NY2d 269, 275-276; *People v Pavao*, 59 NY2d 282, 292). The court properly modified the *Sandoval* ruling since defendant's testimony on redirect examination with respect to the prison infraction, coupled with the testimony of a defense witness, conveyed to the jury that defendant was not the type of person to carry a razor or other knife-like weapon, thereby opening the door to inquiry into his prior display of a razor to a friend (*see, People v Fardan*, 82 NY2d 638). Defendant's claim that the People made improper use of these prior acts on summation is not preserved and we decline to review it in the interest of justice. Were we to review this claim, we would find the challenged statements to be responsive to defense counsel's summation and fair comments on the evidence adduced at trial (*People v Galloway*, 54 NY2d 396).

Defendant was not deprived of his right to call a medical expert. The record establishes that the refusal to testify by defendant's expert was premised on her objection to relevant, good-faith questions about her repeated failure to pass certification examinations and her performance of an unauthorized autopsy. The court properly exercised its discretion by declining defense counsel's request for an adjournment to secure another expert witness (*see, People v Foy*, 32 NY2d 473). In any event, we find that, within the context of the issues presented at trial, defendant was not prejudiced by his inability to call his original expert or a substitute. Concur—Ellerin, J. P., Saxe, Buckley and Friedman, JJ.