[826 NE2d 796, 793 NYS2d 825]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACEY DOUGLAS, Appellant.

Argued January 6, 2005; decided February 17, 2005

**APPEARANCES OF COUNSEL**

*Office of the Appellate Defender*, New York City (*Margaret E. Knight, Richard M. Greenberg* and *Rosemary Herbert* of counsel), for appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Karen Schlossberg* and *Patrick J. Hynes* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant was convicted, following a jury trial, of robbery in the first degree and two counts of robbery in the second degree. On October 15, 2000, four individuals, including a man armed with a knife, assaulted Sala Conyers. They stole her purse, which was later recovered, and other miscellaneous items that she was carrying on her person. Following the assault Conyers telephoned 911. She then canvassed the area with the responding police officers and identified defendant as one of her attackers. Conyers also identified the other three individuals involved in the assault.

Prior to defendant's trial, one of his codefendants, Tanya Everts, pleaded guilty, though she was unavailable to testify against defendant at trial. Subsequently, the People used a redacted version of her plea allocution at defendant's trial. The

admission of the plea allocution into evidence was error. The Sixth Amendment of the United States Constitution requires the opportunity for cross-examination of testimonial statements as a precondition to their admissibility (*see Crawford v Washington*, 541 US 36 [2004]). Insofar as the plea allocution was a testimonial statement, not subject to cross-examination, the trial court erred in admitting the allocution (*see People v Hardy*, 4 NY3d 192 [2005] [decided today]). Contrary to the People's argument, defense counsel's timely and specific objection properly preserved this issue (*see generally People v Gray*, 86 NY2d 10 [1995]).

Errors resulting in a violation of a criminal defendant's Sixth Amendment right to confrontation are subject to a constitutional harmless error analysis (*see People v Eastman*, 85 NY2d 265, 276 [1995]). Such errors are considered harmless when, in light of the totality of the evidence, there is no reasonable possibility that the error affected the jury's verdict (*see People v Crimmins*, 36 NY2d 230, 240-241 [1975]).

While it was error to admit the allocution here, there was no reasonable possibility that the error contributed to defendant's conviction. The victim's testimony at trial described, in great detail, the sequence of events underlying the robbery. Immediately after the attack Conyers identified defendant as the individual who threatened her with a knife. She also provided a detailed description of the weapon he used in the attack, which police recovered from his person upon arrest, and later identified at trial. Furthermore, following Conyers' identification of Everts as a coparticipant in the crime, Everts led the police to Conyers' stolen property. In light of the victim's testimony, and the independent corroboration by other evidence presented at trial, there was no reasonable possibility that the trial court's erroneous admission of the redacted plea allocution influenced the jury's verdict. The error was therefore harmless beyond a reasonable doubt.

Defendant's remaining contention concerning the lower court's *Sandoval* ruling is without merit.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed in a memorandum.