OPINION OF THE COURT
Gerald Harris, J.
*650 The defendant, Diene Niene, was tried by the court without a jury on March 3, 2005, on a charge of being an unlicensed general vendor in violation of Administrative Code of the City of New York § 20-453. The defendant was found guilty on the sole charge in the prosecutor’s information. Defendant now moves, pursuant to CPL 330.30 (1), to set aside the verdict contending that there are grounds in the record which, if raised on appeal, would require a reversal of the judgment as a matter of law.
Specifically, defendant argues that the court erred in admitting into evidence an affidavit of an official of the Department of Consumer Affairs (DCA) reporting that a review of the Department records disclosed that the defendant lacked the required vendor’s license. The defendant contends that the affidavit should not have been received into evidence because: (1) it is hearsay; (2) it did not address the relevant time frame; and (3) its admission violated the defendant’s Sixth Amendment right of confrontation as enumerated in Crawford v Washington (541 US 36 [2004]).
At trial, Police Officer Vincent Greany testified that he arrested the defendant, on June 13, 2004, after making the following observations. Defendant was standing beside a bed sheet, spread on the sidewalk, upon which reposed more than 20 handbags. The officer saw the defendant arranging the bags on the bed sheet, and hand bags to two persons who approached him and with whom he conversed. When they handed the bags back, defendant replaced them on the bed sheet.
Over a period of approximately five minutes the officer saw at least another four persons come up to the defendant and examine the bags. The officer did not see any money or merchandise exchanged. The defendant was not displaying a general vendor’s license and could not produce one when asked to do so by the officer. After the defendant’s arrest he was searched and no license was found on his person. Between 40 to 60 handbags were seized, placed into four plastic bags, sealed and vouchered.
The People offered in evidence an affidavit of an official of the DCA, averring that the official had made a search of the records of the DCA and that the defendant was not the holder of a general vendor’s license.
At the trial’s conclusion, the defendant was found guilty and, in response to defense counsel’s inquiry as to whether the court had found the affidavit relevant, or relied upon the presumption, the court did not further explicate its decision and informed defense counsel that she was free to argue that the court had relied upon all the evidence presented.
*651 Sufficiency of the Evidence
The testimony established, beyond a reasonable doubt, that the defendant was selling or offering to sell goods within the meaning of Administrative Code § 20-453. The quantity of handbags, the manner in which they were displayed, their exhibition to several passersby and the defendant’s arranging and tending of the handbags unmistakably demonstrates defendant’s intent and role as a vendor. (People v Zhou Yu, 4 Misc 3d 128[A], 2004 NY Slip Op 50630[U] [App Term, 1st Dept 2004]; People v Gonzalez, 184 Misc 2d 262 [App Term, 1st Dept 2000], lv denied 95 NY2d 835 [2000]; People v Chen Ye, 179 Misc 2d 592 [Crim Ct, NY County 1999]; People v Sylla, 154 Misc 2d 112 [Crim Ct, NY County 1992].) It was not necessary to show that defendant verbally offered the bags for sale or that a sale was actually completed. (People v Abdul, 157 Misc 2d 511 [Crim Ct, NY County 1993]; People v Diouf, 153 Misc 2d 887 [Crim Ct, NY County 1992].)
Proof that Defendant Lacked the Required License
The prosecution sought to demonstrate that the defendant lacked the required license by testimony that he did not display a license and was unable to produce one when asked. Thus, the People were relying upon the presumption afforded by Administrative Code § 20-474.3, that the defendant was not duly licensed.
The People sought to buttress that conclusion by offering the affidavit of a DCA official who reported that her review of the Department’s records disclosed that the defendant did not have a general vendor’s license. It was error for the court to admit that affidavit as a business record when the person making it did not appear to testify. The document offered by the People here, and admitted by the court, is neither a public document nor a business record. It is, as it is captioned, an affidavit, prepared by an official who searched the records of the DCA for the express purpose of determining whether the defendant in this case was validly licensed. The document was prepared at the request of law enforcement for use in the criminal prosecution of this defendant. As such, the affidavit is testimonial and the defendant was entitled to confront and cross-examine its maker. (See, People v Rogers, 8 AD3d 888 [3d Dept 2004] [lab report prepared in anticipation of trial, initiated by the prosecution and generated by the desire to discover evidence against defendant, was testimonial and wrongfully deprived defendant of his right to cross-examine].)
*652 The essence of the business record hearsay exception contemplated by Crawford is that such records or statements are not testimonial in nature because they are prepared in the ordinary course of regularly conducted business and are “ ‘by their nature’ ” not prepared for litigation. (People v Durio, 7 Misc 3d 729, 734 [Sup Ct, Kings County 2005].) The affidavit offered by the People in this case clearly falls outside that exception.
Although the admission of the affidavit was error it does not require that the court set aside the verdict. “Errors resulting in a violation of a criminal defendant’s Sixth Amendment right to confrontation are subject to a constitutional harmless error analysis.” (People v Douglas, 4 NY3d 777 [2005].) “Such errors are considered harmless when, in the light of the totality of the evidence, there is no reasonable possibility that the error affected the . . . verdict.” (4 NY3d at 779; see also, People v Johnson, 1 NY3d 302 [2003].)
Here, the evidence established, beyond peradventure, that the defendant was engaged in offering goods for sale without the required license. Even when the affidavit of the DCA official is completely discounted, as it must be, the defendant’s lack of a license was conclusively established by the unrebutted presumption provided in Administrative Code § 20-474.3. Thus, there is no reasonable possibility that the court’s erroneous admission of the affidavit influenced the verdict in that a different result would not have been reached had the affidavit been excluded. The error was therefore harmless beyond a reasonable doubt. (People v Douglas, supra.)
Finally, the utilization of the presumption provided for in Administrative Code § 20-474.3 does not violate the defendant’s constitutional right of confrontation. The use of a statutory presumption, to furnish an element of required proof, has long been recognized as an acceptable practice which does not violate a defendant’s constitutional rights.
A presumption may be an inference drawn from known facts or created by legislative fiat. A presumption has the effect of evidence and, in the criminal law, is permissive and generally rebuttable. (People v McKenzie, 67 NY2d 695 [1986].) It is a time-honored mechanism to meet a practical prosecutorial need but does not relieve the People’s burden of proving guilt beyond a reasonable doubt. In order to be constitutionally valid there must be a rational connection between the facts that are proved (in this case the failure to display or produce a license) and the fact that is to be inferred (that the defendant does not in fact *653 have a license). (People v Leyva, 38 NY2d 160 [1975]; People v Chen Ye, supra.)
Where, as here, the facts which give rise to the presumption are established by a witness who is present and subject to cross-examination, the defendant’s right of confrontation has not been violated. The presumption itself is merely a device to aid in reaching a conclusion, which a trier of fact is free to accept or reject, and which a defendant may rebut. The test of a presumption is not its reliability, as is the test of hearsay, but rather the rationality of its connection to proven facts. Accordingly, although a presumption may have the effect of evidence, it is not testimonial within the meaning of Crawford.
For the foregoing reason, the defendant’s motion to set aside the verdict is denied.