OPINION OF THE COURT
Gerald Harris, J.
*198 This opinion addresses the knotty and recurring issue. of whether digital video discs (DVDs) may be sold in New York City without a general vendor’s license and whether the answer to that question is affected by the illicit nature of the item sold. The defense relies, in part, upon a letter/opinion issued by an official of the Department of Consumer Affairs (DCA), the agency which issues the licenses, for the proposition that DVDs are exempt from license requirements. The People counter with a second letter/opinion issued by the same official which appears to exclude counterfeit DVDs from the ambit of the exemption.
The Superseding Information
By a superseding information (SSI), served and filed on May 10, 2005, the defendant Rene Santiago is charged with failure to disclose the origin of a recording in the second degree (Penal Law § 275.35), unlicensed general vending (Administrative Code of City of NY § 20-453) and disorderly conduct (Penal Law § 240.20 [5]). A charge of trademark counterfeiting in the third degree (Penal Law § 165.71), contained in the superseded complaint, was dismissed on the motion of the People on February 10, 2005.
The defendant moves, pursuant to.CPL 100.40 and 170.30, to dismiss the information as facially insufficient and to suppress physical evidence as the fruit of an illegal search and seizure. The defendant’s moving papers contain denials that defendant was offering DVDs for sale or knew that the discs failed to disclose the names of the actual manufacturers. Defendant’s motion also seeks discovery and a bill of particulars, as well as certain other ancillary relief.
The SSI alleges that the deponent police officer, on January 15, 2005, observed the defendant displaying and offering for sale over 100 DVDs, at least 20 of which were of the movie “Meet the Fockers,” then showing in theaters. The SSI further alleges that the defendant displayed the DVDs on two tables which he had placed on a public sidewalk in front of 625 West 181st Street in New York County and that over a period of 40 minutes the defendant was observed arranging the merchandise on the tables and interacting with people who examined the DVDs.
It is further alleged that the defendant was not displaying a license issued by the DCA and could not produce one when asked. The DVDs the-defendant was allegedly offering for sale *199 “fail to disclose the names and addresses of the true manufacturers in that the name and address of the actual manufacturers are not present on said DVDs.”
Finally, it is alleged that over 300 DVDs were recovered from the defendant’s tables and that the placement of the two tables on the sidewalk obstructed pedestrian traffic, causing more than 50 people to walk around them.
Failure to Disclose Origin
Defendant contends that the first count of the SSI, failure to disclose origin, should be dismissed because the information does not set forth the actual name and address of the manufacturer nor does it state whether any names or addresses appear on the DVDs.
Penal Law § 275.35 makes it a crime to offer for sale a recording cover, box, jacket or label of which does not clearly and conspicuously disclose the actual name and address of the manufacturer. The nonhearsay factual allegations of the SSI establish that the DVDs did not disclose the actual name and address of the manufacturer. Those allegations, “given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]), provide reasonable cause to believe that defendant committed the offense charged and, if true, establish every element thereof. (See People v Lynch, 8 Misc 3d 126[A], 2005 NY Slip Op 50894[U] [App Term, 1st Dept 2005]; People v Cisse, 171 Misc 2d 185 [Grim Ct, Queens County 1996].) The SSI gives defendant notice sufficient to prepare a defense and is adequately detailed to prevent his being tried twice for the same offense. (People v Casey, 95 NY2d 354 [2000].) Defendant’s motion to dismiss the first count of the SSI is, therefore, denied.
Unlicensed General Vendor
The defendant urges two grounds for dismissal of the second count of the SSI, which charges that he acted as an unlicensed general vendor. First, defendant argues that the sale of DVDs, under the language of Administrative Code § 20-453 as interpreted by the DCA, does not require a license and is protected by the free speech provisions of the First Amendment. Second, the defendant contends that the complaint fails adequately to allege facts from which it may reasonably be inferred that the alleged offer to sell was made in “public space,” as required by the statute. This second “public space” argument was directed to the complaint as originally drafted. The subsequently filed *200 SSI contains additional factual allegations which essentially moot this contention, as it now alleges that the defendant’s conduct occurred “on the sidewalk—a public place—in front of 625 West 181st Street.” The public nature of the space may be further inferred from the allegation that the defendant’s tables obstructed pedestrian traffic.
The first prong of this branch of defendant’s motion, that no license is required or, if required, would violate the First Amendment, is more substantive. The General Vendors Law expressly exempts the sellers of “newspapers, periodicals, books, pamphlets or other written matter” from the license requirement of Administrative Code § 20-453.
Case law has established that other, nonwritten forms of expression are entitled to First Amendment protection and, therefore, free of the license requirement. Specifically, the United States Supreme Court has held that “expression by means of motion pictures is included within the free speech and free press guaranty of the First and Fourteenth Amendments.” (Joseph Burstyn, Inc. v Wilson, 343 US 495, 502 [1952]; see also Bery v City of New York, 97 F3d 689 [2d Cir 1996], cert denied 520 US 1251 [1997].) Indeed, the DCA has opined that the sale of DVDs, in and of itself, is exempt and requires no license.*
Thus, it is apparent that a complaint which charges nothing more than a violation of Administrative Code § 20-453, based upon the sale of DVDs, would fail to overcome the exemption granted in the statute and would be dismissible on the further ground that such a prosecution would violate a seller’s First Amendment rights. That conclusion, however, does not end the inquiry. The next question is whether a concern for the constitutional protection of expression prevents the State from criminalizing the sale without a license of DVDs which are counterfeit or which fail to disclose origin—in other words, illicit recordings.
Although, manifestly, the sale or offer to sell DVDs which fail to disclose origin or which bear counterfeit trademarks can be prosecuted under applicable statutes without violating the First Amendment, the defendant argues, in effect, that, by charging the separate and distinct crime of unlicensed general vending, the First Amendment is implicated and bars a prosecution for that separate crime.
*201 The court finds that argument to be without merit. The First Amendment is intended to protect the creators of speech and those who facilitate its dissemination, as well as the public’s right to access information. However, when the property rights of the speech originator are wrongfully diverted by counterfeiters, copyright violators or other illicit practitioners, free speech protection may not be invoked by the offenders. Under such circumstances, the creator neither requires nor requests constitutional protection and the offenders surely are not entitled to claim it. Even the public’s right to receive information must yield in light of the illicit character of the information offered for sale. (Iowa State Univ. Research Found., Inc. v American Broadcasting Cos., Inc., 621 F2d 57 [2d Cir 1980] [public interest in information must yield to copyright except in rare instances where the informational value of the film cannot be separated from the creator’s expression, as, for example, the unique circumstances of the Zapruder film of the Kennedy assassination]; see also Los Angeles News Serv. v Tullo, 973 F2d 791 [9th Cir 1992].) To allow those who effectively steal the original work product of another, mask and market it for profit, to claim derivatively the First Amendment rights of the defrauded maker, would stand logic and constitutional law on its head. Illicit conduct regularly has been denied the protection of the First Amendment. Thus, it is well settled that the First Amendment does not protect obscenity (Roth v United States, 354 US 476 [1957]), or copyright infringement (Harper & Row, Publishers, Inc. v Nation Enterprises, 471 US 539 [1985]; Los Angeles News Serv. v Tullo, supra), or libelous expression (Gertz v Robert Welch, Inc., 418 US 323 [1974]), or “fighting words” (Cohen v California, 403 US 15 [1971]; Chaplinsky v New Hampshire, 315 US 568 [1942]).
The court is of the view that a complaint which charges only unlicensed general vending based on the sale of DVDs, without alleging facts establishing that the DVDs are, in some respect, illicit, would be legally insufficient and would not pass constitutional muster (cf. People v Gonzalez, 184 Misc 2d 262 [App Term, 1st Dept 2000] [constitutional issue not addressed]). Where, as here, the SSI adequately alleges that the DVDs fail to disclose origin (or bear counterfeit trademarks), the motion to dismiss for facial insufficiency or constitutional infirmity must be denied.
*202 Disorderly Conduct
As to the third count of the SSI, the allegations that the defendant blocked the passage of more than 50 people, by placing two tables on the sidewalk for approximately 40 minutes, adequately sets forth, for pleading purposes, factual support for the charge of disorderly conduct by obstructing pedestrian traffic (Penal Law § 240.20 [5]). The motion to dismiss that count is also denied.
Suppression and Discovery
Finally, since the defendant’s motion denies that he was selling or offering for sale DVDs, an element common to both counts one and two, a hearing must be had on his motion to suppress physical evidence as the fruit of an unlawful arrest. Defendant’s request for discovery is granted to the extent of the information furnished by the People in their voluntary disclosure form and bill of particulars. Permitted use, on cross-examination, of any prior misconduct by the defendant is referred to the trial court.

 However, the DCA, by written opinion, has made it equally clear that, in its view, the exemption does not extend to counterfeit or copyrighted DVDs. (Letter op of DCA Assistant Commr Susan Kassapian, dated Jan. 2005.)