OPINION OF THE COURT
Deborah Kaplan, J.
The defendant is charged with violating Administrative Code of the City of New York § 20-453, which requires a general vendor to be licensed by the New York City Department of Consumer Affairs. The information alleges that at approximately 1:43 p.m. on December 30, 2004, at the corner of Canal and Baxter streets in New York County, Police Officer Angel Morales observed the defendant “display and offer for sale more than twenty (20) DVDs and more than twenty (20) watches.” The defendant held open a bag which contained the merchandise, “showed the merchandise to numerous people” and “never put the merchandise down.” The information alleges that the defendant was not displaying a license and “could not produce one when asked.”
In his omnibus motion, the defendant seeks (1) dismissal of the information as facially insufficient or, in the alternative, (2) a reduction of the unclassified misdemeanor to a violation, and (3) suppression of the merchandise recovered from him. After consideration of the facts of this case and the relevant law and for the reasons set forth below, the defendant’s motions are granted to the extent that a Dunaway/Mapp hearing is ordered.
I. Facial Sufficiency
A criminal court information is sufficient on its face if it contains nonhearsay factual allegations which, if true, establish every element of the crimes charged and provide reasonable cause to believe that the defendant committed them. (See CPL 100.40 [1]; 100.15 [3]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986].) Administrative Code § 20-453, a provision of title 20, “Consumer Affairs,” states that “[i]t shall be unlawful for any individual to act as a general vendor without having first obtained a license . . . .” A “general vendor” is “[a] person who hawks, peddles, sells, leases or offers to sell or lease, at retail, goods or services, including *634 newspapers, periodicals, books, pamphlets or other similar written matter in a public space.” (Administrative Code § 20-452 [b].) “Public space” is defined as “[a]ll publicly owned property between the property lines on a street . . . including but not limited to a park, plaza, roadway, shoulder, tree space, sidewalk or parking space between such property lines.” (Administrative Code § 20-452 [d].)
In his motion to dismiss the information, the defendant does not deny that he was in possession of the DVDs and watches or that he was not in possession of the required license, as alleged in the information. Rather, he contends that the information fails to sufficiently allege that he “offer[ed] to sell” goods and that this conduct occurred in a “public space.” However, the information plainly alleges that the defendant displayed and offered for sale more than 20 DVDs and more than 20 watches. The information also describes the specific conduct observed by the officer by alleging that the defendant held a bag open and showed the merchandise inside the bag to numerous people. The large quantity of goods allegedly possessed by the defendant, the type of goods, the manner in which he displayed them, the “numerous” amount of people he displayed them to and the location and time of the conduct, the corner of Baxter and Canal streets at 1:43 p.m., are facts which, read together, permit a reasonable inference that the defendant intended to sell the goods. (See People v Zhou Yu, 4 Misc 3d 128[A] [App Term, 1st Dept 2004]; People v Gonzalez, 184 Misc 2d 262 [App Term, 1st Dept 2000]; People v Niene, 8 Misc 3d 649 [Crim Ct, NY County 2005]; People v Chen Ye, 179 Misc 2d 592 [Crim Ct, NY County 1999]; People v Montanez, 177 Misc 2d 506 [Crim Ct, NY County 1998]; People v Abdul, 157 Misc 2d 511 [Crim Ct, NY County 1993]; People v Sylla, 154 Misc 2d 112 [Crim Ct, NY County 1992].)
The defendant’s reliance upon People v Sene (NYLJ, Aug. 25, 1998, at 27, col 1) is misplaced. The information in that case alleged only that a police officer observed the defendant “display and offer ... for sale sunglasses” (at 27, col 1) by holding them in his hand and showing them to numerous people. The court found the information deficient for failing to allege “how many items the defendant offered or [for] how long he did so,” how the defendant “solicited or permitted passersby to examine” what he was holding or any other hallmarks of commercial activity from which the court could infer the defendant’s intent to offer the sunglasses for sale to the public. (Id.) Contrary to the defendant’s contention, an information charging a violation of *635 Administrative Code § 20-453 need not allege either that the defendant verbally offered the goods for sale or that any sale was completed. (See People v Niene, supra; People v Diouf, 153 Misc 2d 887 [Crim Ct, NY County 1992].) Further, it is well settled that, in determining the facial sufficiency of an information, the allegations contained therein “should be given a fair and not overly restrictive or technical reading.” (People v Casey, 95 NY2d 354, 360 [2000].) Where, as here, “the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense,” the information is sufficiently pleaded. (Id.)
Finally, the location where the defendant was observed offering the goods for sale, the intersection of two busy public streets in Manhattan, is indisputably a “public space” within the meaning of Administrative Code § 20-452 (d). (See People v Santiago, 9 Misc 3d 197, 198 [Crim Ct, NY County 2005] [allegation that defendant displayed merchandise “in front of 625 West 181st Street” establishes “public space” element of Administrative Code § 20-452 (d)]; People v Chen Ye, supra at 595 [allegation that defendant was “at Canal Street and Broadway” sufficient]; see also People v Ramos, Crim Ct, NY County, May 2, 2005, Kaplan, J., Docket No. 2005NY000922 [“corner of East 129th Street and Lexington Avenue” constitutes “public place” within meaning of Penal Law § 221.10 (1)].) Since the instant information sufficiently alleges all essential elements of the offense charged, the defendant’s motion to dismiss the information is denied.
II. Reduction to a Violation
The defendant further argues that, should the court find the information to be facially sufficient, it must reduce the charge from an unclassified misdemeanor to a violation in light of section 20-472, the “Penalties” provision of title 20, and section 20-474.1, entitled “Delivery to general vendors; distributor’s license required.” It is the defendant’s position that these two provisions indicate an intent on the part of the New York City Council that only general vendors who utilize a motor vehicle, and thereby violate both sections 20-453 and 20-474.1, may be charged with a misdemeanor. The defendant misapprehends the statutes and their history. Section 20-472 provides in part:
“a. Any person who violates the provisions of sections 20-453 and 20-474.1 of this subchapter shall *636 be guilty of a misdemeanor punishable by a fine of not less than two hundred fifty dollars nor more than one thousand dollars, or by imprisonment for not more than three months or by both such fine and imprisonment. In addition, any police officer may seize any vehicle used to transport goods to a general vendor, along with the goods contained therein, where the driver is required to but cannot produce evidence of a distributor’s license . . .
“b. Except as provided in subdivision a of this section, a person who violates any provision of this subchapter or any of. the rules or regulations promulgated hereunder shall be guilty of an offense punishable by the court as follows:
“1. For a first violation, a fine of not less than twenty-five dollars nor more than fifty dollars.
“2. For a second violation within a period of two years of the date of a first violation, a fine of not less than fifty dollars nor more than one hundred dollars.
“(3) For a third violation within a period of two years of the date of a first violation, a fine of riot less than one hundred dollars nor more than two hundred dollars.
“(4) For any subsequent violations within a period of two years of the date of a first violation, a fine of not less than two hundred dollars nor more than one thousand dollars.”
Section 20-474.1 provides in part that:
“a. It shall be unlawful for any individual to transport goods by means of a motor vehicle, as defined in the vehicle and traffic law, to a public space for sale or other transfer to a general vendor, without having first obtained a distributor’s license in accordance with the provisions of this subchapter.”
“It is a well-settled principle of statutory construction that a statute or ordinance must be construed as a whole and that its various sections must be considered together and with reference to each other” (Matter of Notre Dame Leasing v Rosario, 2 NY3d 459, 464 [2004], quoting People v Mobil Oil Corp., 48 NY2d 192, 199 [1979]) such that meaning and effect are given to all provisions of the statute. (See Matter of Beekman Hill Assn, v Chin, *637 274 AD2d 161 [1st Dept 2000]; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 97, 98.) A corollary rule is that all parts of a statute are to be harmonized with each other as well as with the general intent of the whole statute. (See Local Govt. Assistance Corp. v Sales Tax Asset Receivable Corp., 2 NY3d 524 [2004]; Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86 [2001]; Salamone v Wincaf Props., 9 AD3d 127 [1st Dept 2004]; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 92, 98.) Furthermore, “[t]he letter of a statute is not to be slavishly followed when it leads away from the true intent and purpose of the Legislature.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 111, Comment; see Matter of Notre Dame Leasing v Rosario, supra; Matter of Pirro v Angiolillo, 89 NY2d 351 [1996].)
The legislative history of the statutes at issue indicates that section 20-453 and its penalty section, 20-472, were enacted in 1985. At that time, as today, section 20-453 prohibited an individual from vending without a license, and section 20-472 (a) provided that “[a]ny person who violates the provisions of section[ ] 20-453 . . . shall be guilty of a misdemeanor.” Several years later, the City Council enacted section 20-474.1, adding a new offense to the statutory scheme, and amended section 20-472 to include a punishment for the new offense. Specifically, the words “and 20-474.1” were added to section 20-472 (a) just after “[a]ny person who violates the provisions of section[ ] 20-453.” Section 20-468 was also amended to permit the police to seize not only a vehicle, pushcart or device used by an unlicensed general vendor but also any vehicle, pushcart or device used to transport goods to the vendor.
The requirement that vendors be duly licensed by the City arises from its “compelling interest in regulating pedestrian traffic on crowded city streets.” (People v Bissinger, 163 Misc 2d 667, 673 [Crim Ct, NY County 1994]; see People v Santiago, 9 Misc 3d 197 [Crim Ct, NY County 2005].) Indeed, in a legislative declaration of intent, the City Council found that “the public health, safety and welfare are threatened by the unfettered use of city streets for commercial activity of unlicensed, and therefore illegal, general vendors.” (Local Law No. 40 [1988] of City of New York § 1, reprinted following Administrative Code § 20-472.) It was the stated intent of the City Council in enacting the new provisions to “make more effective the weapons in the city’s enforcement arsenal” by permitting the seizure of vehicles and pushcarts used to transport goods to unlicensed vendors. (Id.; see People v Montanez, supra.)
*638 As the People concede, the language of section 20-472 (a), stating that a violation of “sections 20-453 and 20-474.1” constitutes a misdemeanor, is ambiguous. However, in light of its legislative history and the entire statutory scheme, the only logical reading of section 20-472 (a) is in the disjunctive such that a violation of either section 20-453 or section 20-474.1 constitutes a misdemeanor. To read the statute in the conjunctive would conflict with section 20-472 as originally enacted, which established the offense of unlicensed general vending as a misdemeanor, and would ignore the City Council’s expressed intent to further address the problem of unlicensed vendors on city streets and broaden the scope of offenses relating to unlawful vending. Moreover, if the statute is read in the conjunctive, it would be inapplicable to an individual who merely transports goods to a vendor but does not engage in vending themselves. It cannot be reasonably concluded that the City Council intended to reduce the offense of unlicensed vending from a misdemeanor to a violation and establish the new offense, section 20-474.1, as a violation. Although the defendant would read it otherwise, the graduated schedule of fines (without jail sentences) found in section 20-472 (b) applies to “any provision of [the] subchapter or any of the rules or regulations promulgated hereunder” but not to violations of section 20-453 or section 20-474.1.
Accordingly, the court concludes that a violation of section 20-453 or a violation of section 20-474.1 of the Administrative Code constitutes a misdemeanor pursuant to section 20-472 (a). The defendant’s motion to reduce the offense charged from a misdemeanor to a violation is denied.
III. Suppression of Physical Evidence
In support of his motion to suppress physical evidence, the defendant alleges that, at the time he was stopped and arrested, he was merely walking down the street visiting with friends and was not displaying the DVDs or watches nor offering them for sale. Contrary to the People’s contention, the defendant has standing to challenge the seizure of the DVDs and watches recovered from his person (see People v Ramirez-Portoreal, 88 NY2d 99 [1996]) and has raised a factual dispute which requires a hearing for resolution. (See CPL 710.60 [1].) Therefore, the defendant’s motion is granted to the extent that a Dunaway/Mapp hearing is ordered.
*639 IV Conclusion
For the reasons set forth above, the defendant’s motion to dismiss the information as facially insufficient is denied.
The defendant’s motion to reduce the misdemeanor to a violation is denied.
The defendant’s motion to suppress physical evidence is granted to the extent that a Dunaway/Mapp hearing is ordered.
The defendant’s Sandoval motion is reserved for the trial court.