█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN ANDUJAR, Appellant. [956 NYS2d 161]—

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, over the defendant's objection, the trial court allowed the prosecutor to elicit, from a detective, the statement of a nontestifying codefendant that the defendant was in the codefendant's vehicle on the night of the incident. As the People correctly concede, this violated the defendant's right of confrontation, secured to him by the Sixth Amendment to the United States Constitution (*see Crawford v Washington*, 541 US 36, 52 [2004]; *see also Richardson v Marsh*, 481 US 200, 206 [1987]; *Davis v Washington*, 547 US 813, 822 [2006]). This error was compounded when, on summation, the prosecutor argued that the codefendant's statement established the defendant's presence at the scene of the incident. Since the remaining evidence establishing the defendant's identity as one of the assailants was not overwhelming, the error cannot be deemed harmless beyond a reasonable doubt (*see People v Douglas*, 4 NY3d 777, 779 [2005]; *People v Hardy*, 4 NY3d 192, 198 [2005]; *People v Crimmins*, 36 NY2d 230, 240-241 [1975]). Accordingly, a new trial is required.

Since a new trial is required, we note that the Supreme Court

did not improvidently exercise its discretion in ruling that the People could impeach the defendant's credibility, should he testify, with questioning regarding his prison disciplinary record (*see People v Sandoval*, 34 NY2d 371 [1974]; *People v Adams*, 39 AD3d 1081, 1082 [2007]; *People v Porter*, 305 AD2d 933, 934 [2003]; *People v Veneracion*, 268 AD2d 363 [2000]).

The defendant's remaining contention has been rendered academic in light of our determination. Florio, J.P., Leventhal, Austin and Cohen, JJ., concur.