THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN ANDUJAR, Appellant. [963 NYS2d 667]—

Motion by the appellant for leave to reargue an appeal from a judgment of the Supreme Court, Queens County, rendered June 11, 2009, which was determined by decision and order of this Court dated December 19, 2012 (101 AD3d 1039 [2012]).

Upon the papers filed in support of the motion and the papers filed in connection therewith, it is,

Ordered that the motion is granted, the decision and order of this Court dated December 19, 2012 (*People v Andujar*, 101 AD3d 1039 [2012]), is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered June 11, 2009, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Presiding Justice Eng has been substituted for former Justice Florio (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury (*see People v Gonzalez*, 61 NY2d 633 [1983]; *People v Beslanovics*, 57 NY2d 726 [1982]); and it is further,

Ordered that pursuant to CPL 470.45, the matter is remitted to the Supreme Court, Queens County, and that court shall immediately cause the defendant to be brought before it forthwith, at which time that court shall issue a securing order in accordance with the provisions of CPL 210.45 (9).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, over the defendant's objection, the trial court allowed the prosecutor to elicit, from a detective, the statement of a nontestifying codefendant that the defendant was in the codefendant's vehicle on the night of the incident. As the People correctly concede, this violated the defendant's right of confrontation, secured to him by the Sixth Amendment to the United States Constitution (*see Crawford v Washington*, 541 US 36, 52 [2004]; *see also Richardson v Marsh*, 481 US 200, 206 [1987]; *Davis v Washington*, 547 US 813, 822 [2006]). This error was compounded when, on summation, the prosecutor argued that the codefendant's statement established the defendant's presence at the scene of the incident. Since the remaining evidence establishing the defendant's identity as one of the assailants was not overwhelming, the error cannot be deemed harmless beyond a reasonable doubt (*see People v Douglas*, 4 NY3d 777, 779 [2005]; *People v Hardy*, 4 NY3d 192, 198 [2005]; *People v Crimmins*, 36 NY2d 230, 240-241 [1975]).

As the defendant was acquitted of murder in the second degree, assault in the second degree, and criminal possession of a weapon in the fourth degree (two counts), the prohibition against double jeopardy precludes a retrial on those counts of the indictment (*see People v Gonzalez*, 61 NY2d 633, 635 [1983]). Moreover, since the defendant was convicted of manslaughter in the first degree as a lesser-included offense of the count of the indictment charging him with murder in the second degree, the indictment must be dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury (*id.* at 634; *see People v Beslanovics*, 57 NY2d 726, 727 [1982]).

Since there is a possibility that the defendant might be subject to a new trial, we note that the Supreme Court did not improvidently exercise its discretion in ruling that the People could impeach the defendant's credibility, should he testify, with questioning regarding his prison disciplinary record (*see People v Sandoval*, 34 NY2d 371 [1974]; *People v Adams*, 39 AD3d 1081, 1082 [2007]; *People v Porter*, 305 AD2d 933, 934 [2003]; *People v Veneracion*, 268 AD2d 363 [2000]).

The defendant's remaining contention has been rendered academic in light of our determination. Eng, P.J., Leventhal, Austin and Cohen, JJ., concur.