Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered January 14, 2009, convicting him of criminal possession of a weapon in the second *844 degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of his omnibus motion which was to suppress his statements to law enforcement officials.
Ordered that the judgment is affirmed.
The defendant’s contention that the evidence was legally insufficient to support his convictions of criminal possession of a weapon in the second degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 639 [2006]).
The right to counsel attaches, inter alia, when an attorney who is retained to represent a suspect enters the matter under investigation (see People v Grice, 100 NY2d 318, 321 [2003]; People v West, 81 NY2d 370, 373-374 [1993]). When an attorney enters a case to represent the accused, the police may not question the accused about that matter regardless of whether the person is in police custody (see People v Lopez, 16 NY3d 375, 380 [2011]; People v West, 81 NY2d at 375). “An attorney ‘enters’ a case by actually appearing or directly communicating with the police by telephone” (People v Borukhova, 89 AD3d 194, 213 [2011]; see People v Grice, 100 NY2d at 322). The issue of whether an attorney has entered a case is not dependent upon whether that attorney has been personally retained by the defendant, or has instead been retained by a member of the defendant’s family (see People v Garofolo, 46 NY2d 592 [1979]; People v Pinzon, 44 NY2d 458 [1978]; People v Donovan, 13 NY2d 148 [1963]; People v Borukhova, 89 AD3d at 213-214).
Here, an attorney who had been retained by the defendant’s family contacted the police on July 10, 2007, and stated that he and a colleague represented the defendant in the subject investigation. The attorney directed the police not to question the defendant in the absence of counsel, if and when he was apprehended. Therefore, the defendant’s right to counsel attached *845 on July 10, 2007, and his statements to the police and an assistant district attorney on July 12, 2007, should have been suppressed. However, we find that the error was harmless.
A violation of the indelible right to counsel does not automatically constitute reversible error. Instead it is reviewed under the harmless error doctrine for constitutional violations (see People v Lopez, 16 NY3d at 386-387; People v Krom, 61 NY2d 187, 201 [1984]). Constitutional errors are “considered harmless when, in light of the totality of the evidence, there is no reasonable possibility that the error affected the jury’s verdict” (People v Douglas, 4 NY3d 777, 779 [2005]; see People v Crimmins, 36 NY2d 230, 240-241 [1975]). If no such possibility exists, the error is deemed to be harmless beyond a reasonable doubt (see People v Lopez, 16 NY3d at 387-388; People v Goldstein, 6 NY3d 119, 129 [2005], cert denied 547 US 1159 [2006]). We find that the admission of the defendant’s statements at trial was harmless beyond a reasonable doubt, as there is no reasonable possibility that the error affected the jury’s verdict (see People v Crimmins, 36 NY2d at 240-241).
The defendant’s contention that the Supreme Court erred in rejecting his peremptory challenge to a juror as pretextual is without merit. Upon consideration of the entire record of the jury selection proceedings, and applying the relevant factors set forth in People v Richie (217 AD2d 84, 89 [1995]), we conclude that the court properly denied the defendant’s peremptory challenge to this juror (see e.g. People v Carrington, 105 AD3d 970 [2013]; People v Patterson, 12 AD3d 694 [2004]).
The defendant’s remaining contentions, including those raised in his pro se supplemental brief, are without merit.
Mastro, J.E, Balkin, Sgroi and LaSalle, JJ., concur.