People v Wade (2018 NY Slip Op 05873)





People v Wade


2018 NY Slip Op 05873


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-11744
 (Ind. No. 653/14)

[*1]The People of the State of New York, respondent,
v
Raymond Wade, appellant.


Richard M. Langone, Garden City, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jason R. Richards and Kevin C. King of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William O'Brien, J.), rendered October 24, 2016, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Meryl J. Berkowitz, J.), of the suppression of the defendant's statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643).
The defendant's contention that the Supreme Court erred in failing to give a circumstantial evidence charge is unpreserved for appellate review and, in any event, without merit (see People v Cruz-Checo, 136 AD3d 840). The defendant's contention regarding remarks made by the prosecutor at trial regarding the burden of proof is also unpreserved for appellate review and, in any event, without merit (see People v George, 2 AD3d 457).
We agree with the Supreme Court's determination that the defendant's statements to the police were admissible. The defendant's right to counsel did not attach, as he did not request to speak to an attorney, and no attorney retained to represent him entered the matter under investigation (see People v Grice, 100 NY2d 318, 321; People v Washington, 107 AD3d 4, 10, affd 23 NY3d 228). An attorney enters a case by actually appearing or directly communicating with the police, which did not occur here (see People v Grice, 100 NY2d at 322; People v Ellis, 117 AD3d 843; People v Borukhova, 89 AD3d 194, 213).
The defendant's contention that his trial counsel was ineffective is without merit. The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 146-147).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., DILLON, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court