People v Vargas (2024 NY Slip Op 03200)

People v Vargas

2024 NY Slip Op 03200 [42 NY3d 983]

June 13, 2024

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, November 27, 2024

[*1]

The People of the State of New York, Appellant,
v
Nolberto Contreras Vargas, Respondent.

Decided June 13, 2024

People v Vargas, 211 AD3d 1046, reversed.

APPEARANCES OF COUNSEL

Melinda Katz, District Attorney, Kew Gardens (Joseph M. DiPietro of counsel), for appellant.
Patricia Pazner, Appellate Advocates, New York City (Anna Jouravleva of counsel), for respondent.

{**42 NY3d at 983} OPINION OF THE COURT

Memorandum.
{**42 NY3d at 984}The order of the Appellate Division should be reversed and the case remitted to that Court for consideration of the facts and issues raised but not determined on appeal to that Court.
Following an incident in which defendant allegedly attacked his wife with a knife, severely injuring her in both the neck and chest, defendant was charged with attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the first degree (Penal Law § 120.10 [1] [defendant, "(w)ith intent to cause serious physical injury to another person, . . . causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument"]). At trial, the primary disputed issue was intent. The jury convicted defendant of first-degree assault and acquitted him of attempted murder.
The Appellate Division reversed and ordered a new trial, concluding that police testimony recounting out-of-court statements by the victim's daughter describing the attack violated defendant's Sixth Amendment right to confrontation, and the admission was not harmless (211 AD3d 1046 [2d Dept 2022]). The Court further noted that two other statements, one by a 911 caller stating that the victim had been stabbed and another by defendant's son indicating that defendant was the attacker, had been admitted in violation of the hearsay rule, but did not consider whether admission of those two statements was harmless. One Justice dissented, agreeing that the testimony recounting the daughter's statements violated the Confrontation Clause but concluding that the admission of all three statements was harmless. The dissenting Justice granted leave to appeal.
[*2]
[1] Before this Court, the parties primarily focus on whether the erroneous admission of testimony reflecting the daughter's statements was harmless. Applying the standard for constitutional errors, we conclude that it was. The evidence against defendant was overwhelming, particularly as it related to the critical issue of intent (see People v Mairena, 34 NY3d 473, 484-485 [2019], citing People v Crimmins, 36 NY2d 230, 241 [1975]). Properly admitted evidence demonstrated that the victim and her daughter fled the home seeking help immediately after the attack; one of them called defendant the "culprit" as he attempted to flee; defendant had to be physically subdued by a bystander until his arrest; both women told several witnesses that defendant "stabbed" the victim; the weapon used was a large, sharp knife; medical records reflect{**42 NY3d at 985} that the victim reported to hospital staff that her husband had stabbed her; and those records, as well as a treating physician's testimony, demonstrate that the victim sustained two serious knife wounds to the neck and chest, both over two inches in length and one of which was a direct stabbing so forceful that it fractured her breastbone. These facts leave no doubt that defendant acted with the intent to cause the victim serious physical injury. For that reason, the properly admitted evidence rendered the improper testimony recounting the daughter's description of the attack redundant and therefore harmless, as "there is no reasonable possibility that the error might have contributed to defendant's conviction" (Crimmins, 36 NY2d at 237; see also People v Douglas, 4 NY3d 777, 779 [2005]).
[2] The errors in admission of statements by the 911 caller and defendant's son were also harmless and do not warrant a new trial. Because the statements supplied information properly provided to the jury through several testifying witnesses and the victim's medical records, there is no "significant probability . . . that the jury would have acquitted the defendant had it not been for" their admission (Mairena, 34 NY3d at 485, quoting Crimmins, 36 NY2d at 242).
Judges Garcia, Singas, Cannataro, Troutman and Halligan concur. Chief Judge Wilson and Judge Rivera dissent and vote to affirm for the reasons stated in the Appellate Division memorandum (see People v Vargas, 211 AD3d 1046 [2d Dept 2022]).
On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed and case remitted to the Appellate Division, Second Department, for consideration of the facts and issues raised but not determined on appeal to that Court, in a memorandum.